ANNETTE A. BALLATORE, State Bar No. 192176
ISELA G. WELZ, State Bar No. 337658
SAN JOAQUIN VALLEY UNIFIED AIR
POLLUTION CONTROL DISTRICT (SJVUAPCD)
1990 E. Gettysburg Avenue
Fresno, CA 93726
Phone:  (559) 230-6033; Fax: (559) 230-6061
*Attorneys for Defendants*
*San Joaquin Valley Unified Air Pollution Control District (SJVUAPCD)*
*Governing Board of the SJVUAPCD*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CENTRAL CALIFORNIA ENVIRONMENTAL JUSTICE NETWORK, a non-profit corporation, COMMITTEE FOR A BETTER ARVIN, a non-profit corporation, MEDICAL ADVOCATES FOR HEALTHY AIR, a non-profit corporation, and HEALTHY ENVIRONMENT FOR ALL LIVES, an unincorporated association,<br><br>    Plaintiffs,<br>v.<br><br>LIANE RANDOLPH, in her official capacity as Chair of the Air Resources Board, STEVEN CLIFF, in his official capacity as Executive Officer of the Air Resources Board, SANDRA BERG, JOHN EISENHUT, DANIEL SPERLING, JOHN BALMES, DIANE TAKVORIAN, DEAN FLOREZ, HECTOR DE LA TORRE, DAVINA HURT, TANIA PACHECO-WERNER, and GIDEON KRACOV, in their official capacities as Board Members of the Air Resources Board, CONNIE LEYVA and EDUARDO GARCIA, in their official capacities as *Ex Officio Board Members of the Air Resources Board,* SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT, and the GOVERNING BOARD OF THE SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT<br><br>    Defendants. | Case Number: 2:22-CV-01714-TLN-CKD<br><br>ANSWER OF SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT AND GOVERNING BOARD OF THE SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT |

Page **1**
Answer of Defendants San Joaquin Valley Unified Air Pollution Control District and Governing Board of San Joaquin Valley Unified Air Pollution Control District

Defendants San Joaquin Valley Unified Air Pollution Control District and the Governing Board of the San Joaquin Valley Unified Air Pollution Control District (collectively referred to herein as "SJVAPCD") responds to the Complaint for Injunctive and Declaratory Relief of Plaintiffs Central California Environmental Justice Network, Committee for a Better Arvin, Medical Advocates for Healthy Air, and Healthy Environment for All Lives, as follows:

**INTRODUCTION**

1. In answer to Paragraph 1, Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies the allegations.

2. In answer to Paragraph 2, Defendants admit that the American Lung Association's State of the Air Report for 2022 contains the rankings as alleged. Except as so expressly admitted, Defendants deny the allegations of Paragraph 2.

3. In answer to Paragraph 3, only conclusions of law are alleged, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 3.

4. In answer to Paragraph 4, Defendants admit that in 1997, EPA promulgated a National Ambient Air Quality Standard (NAAQS) for ozone of 0.08 parts per million averaged over an 8-hour period. Defendants also admit that EPA designated the San Joaquin Valley as an "extreme" ozone nonattainment area, although such designation did not come until May 5, 2010, in response to a request from the California Air Resources Board (CARB) to reclassify the San Joaquin Valley from its initial designation of "serious" to an "extreme" designation with an attainment date of June 15, 2024. *75 Fed.Reg. 24409* (May 5, 2010).

5. In answer to Paragraph 5, Defendants admit that in 2012, EPA approved CARB's and the District's attainment plan to meet the 1997 8-hour ozone standard ("the Plan"). Defendants further admit that the Plan included a commitment to develop, adopt and submit by 2020 contingency measures to be implemented if advanced technology measures do not achieve planned reductions and attainment contingency measures meeting the requirements of Clean Air Act section 172(c)(9), pursuant to Clean Air Act section 182(e)(5). Except as so expressly admitted, Defendants deny the allegations of Paragraph 5.

6. In answer to Paragraph 6, Defendants admit that EPA approved the State Implementation Plan revisions for the 1997 8-hour ozone standard in the San Joaquin Valley, as set forth in *77 Fed.Reg. 12652* (March 1, 2012). Except as so expressly admitted, Defendants deny the allegations of Paragraph 6.

7. In answer to Paragraph 7, only conclusions of law are alleged, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 7.

8. In answer to Paragraph 8, Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies the allegations.

## JURISDICTION

9. In answer to Paragraph 9, only conclusions of law are alleged, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 9.

10. In answer to Paragraph 10, only conclusions of law are alleged, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 10.

11. In answer to Paragraphs 11, Defendants admit that Plaintiffs, by and through their attorney Brent Newell, provided written notice to Defendants of their intent to sue for failure to submit attainment contingency measures. The remainder of Paragraph 11 consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 11.

12. In answer to Paragraph 12, Defendants admit that EPA has not commenced a civil action to compel Defendants' compliance with any particular attainment contingency measures for the 1997 8-hour ozone standard. Except as so expressly admitted, Defendants deny the allegations of Paragraph 12.

//
//

# VENUE

13. In answer to Paragraph 13, only conclusions of law are alleged, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 13.

# INTRADISTRICT ASSIGNMENT

14. In answer to Paragraph 14, only conclusions of law are alleged, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 14.

# PARTIES

15. In answer to Paragraph 15, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis deny the allegations.

16. In answer to Paragraph 16, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis deny the allegations.

17. In answer to Paragraph 17, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis deny the allegations.

18. In answer to Paragraph 18, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis deny the allegations.

19. In answer to Paragraph 19, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis deny the allegations.

20. In answer to paragraph 20, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis deny the allegations.

21. In answer to paragraph 21, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis deny the allegations.

22. In answer to paragraph 22, Defendants deny the allegations.

23. In answer to paragraph 23, Defendants deny the allegations.

24. In answer to paragraph 24, Defendants admit that EPA found that the San Joaquin Valley did not meet the "serious" area attainment deadline of November 15, 1999, resulting in reclassification by operation of law to a severe nonattainment area with an extended deadline of

November 15, 2001. Defendants also admit that EPA found that the San Joaquin Valley did not meet the PM-10, 1-hour ozone and 1997 PM2.5 standards by their applicable deadlines. Except as so expressly admitted, Defendants deny the allegations of Paragraph 24.

25. In answer to Paragraph 25, Defendants admit that EPA has reported design values for the San Joaquin Valley of 0.093 ppm for the 2018-2020 and 2019-2021 time periods, though the actual design values are much less after taking into account exceptional events. Except as so expressly admitted, Defendants deny the allegations of Paragraph 25 and specifically deny that the San Joaquin Valley has not attained the 1997 8-hour ozone standard.

26. In answer to Paragraph 26, Defendants deny the allegations.

27. In answer to Paragraph 27, only conclusions of law are alleged, to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 27.

28. In answer to Paragraph 28, Defendants admit the allegations.

29. In answer to Paragraph 29, Defendants admit the allegations.

30. In answer to Paragraph 30, Defendants admit the allegations.

31. In answer to Paragraph 31, Defendants admit the allegations.

32. In answer to Paragraph 32, Defendants admit the allegations.

33. In answer to Paragraph 33, Defendants admit the allegations.

## STATUTORY FRAMEWORK

34. In answer to Paragraph 34, only conclusions of law are alleged to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 34.

35. In answer to Paragraph 35, only conclusions of law are alleged to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 35.

36. In answer to Paragraph 36, only conclusions of law are alleged to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 36.

37. In answer to Paragraph 37, only conclusions of law are alleged to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 37.

## FACTUAL BACKGROUND

38. In answer to Paragraph 38, Defendants admit the allegations.

39. In answer to Paragraph 39, Defendants deny that short- or long-term exposure will, of necessity, lead to or cause each of the symptoms and conditions alleged. Defendants admit, however, that short- or long-term exposure to elevated concentrations of ozone has the potential, generally, to lead to one or more of such symptoms or conditions.

40. In answer to Paragraph 40, Defendants admit the allegations.

41. In answer to Paragraph 41, Defendants admit the allegations.

42. In answer to Paragraph 42, Defendants admit the allegations.

43. In answer to Paragraph 43, Defendants admit that EPA revised the 1997 8-hour ozone standard in 2008 to 0.075 ppm. *73 Fed.Reg. 16436* (March 27, 2008). Defendants further admit that EPA revoked the 1997 8-hour ozone standard, although EPA did not do so until April 2015. Defendants further admit that EPA retained the attainment contingency measure requirement for the 1997 8-hour ozone standard as an anti-backsliding measure. Except as so expressly admitted, Defendants deny any remaining allegations of Paragraph 43.

44. In answer to Paragraph 44, Defendants admit the allegations.

45. In answer to Paragraph 45, Defendants admit the allegations.

46. In answer to Paragraph 46, Defendants admit that on July 21, 2011, CARB adopted Resolution 11-22, and admit that the Resolution included a commitment by CARB to "submit contingency measures by 2020 if advanced technology measures do not achieve planned reductions" as required by Clean Air Act section 182(e)(5), 42 U.S.C. § 7511a(e)(5). Except as so expressly admitted, Defendants deny the allegations of Paragraph 46.

47. In answer to Paragraph 47, Defendants admit the allegations.

48. In answer to Paragraph 48, only conclusions of law are alleged to which no response is required. To the extent a response is required, Defendants deny the allegations of

Paragraph 48, and specifically deny that the Clean Air Act requires any particular quantity of reductions for contingency measures.

49. In answer to Paragraph 49, Defendants admit the allegations.

50. In answer to Paragraph 50, Defendants admit the allegations.

51. In answer to Paragraph 51, Defendants admit the allegations.

52. In answer to Paragraph 52, Defendants admit the allegations.

53. In answer to Paragraph 53, Defendants admit the allegations.

54. In answer to Paragraph 54, Defendants admit the allegations.

55. In answer to Paragraph 55, Defendants admit the factual allegations, with the correction that Resolution 19-25 references Section 182(e)(5)(B).

56. In answer to Paragraph 56, Defendants admit the allegations.

## FIRST CLAIM FOR RELIEF

### Violation of an Emission Standard or Limitation

57. Defendants incorporates by reference the answers to Paragraphs 1-56, above, as though fully set forth herein.

58. In answer to Paragraph 58, Defendants admit the allegations.

59. In answer to Paragraph 59, Defendants admit the allegations.

60. In answer to Paragraph 60, Defendants admit the allegations.

61. In answer to Paragraph 61, only conclusions of law are alleged to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 61.

62. In answer to Paragraph 62, Defendants deny the allegations.

63. In answer to Paragraph 63, Defendants deny the allegations.

## GENERAL DENIAL

All allegations not specifically admitted above are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint and each of Plaintiffs' claims contained therein fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

This Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

**Third Affirmative Defense**

Plaintiffs' claims are barred by failure to satisfy the requirements of 42 U.S.C. § 7604 to maintain a citizen suit. Therefore, this Court lacks subject mater jurisdiction.

**Fourth Affirmative Defense**

Plaintiffs, and each of them, lack standing.

**Fifth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, as moot.

**Sixth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or laches.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred by the applicable statute of limitations.

**Eighth Affirmative Defense**

Plaintiffs have failed to join all necessary and/or indispensable parties.

**Ninth Affirmative Defense**

This Court lacks jurisdiction over some or all of Plaintiffs' claims on the basis that Plaintiffs have failed to exhaust their administrative remedies.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants prays for judgment on Plaintiffs' claims, and each of them, as follows:

1. That Plaintiffs take nothing by their Complaint and that it be dismissed with prejudice;

2. That Defendants be awarded costs of litigation, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 7604(d); and

3. For such other and further relief as the Court deems just and proper.

Dated:  October 20, 2022          Respectfully submitted,

SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT


By_____
   Annette A. Ballatore
   District Counsel