Rob Bonta, State Bar No. 202668
Attorney General of California
Myung J. Park, State Bar No. 210866
Supervising Deputy Attorney General
Jonathan A. Wiener, State Bar No. 265006
Deputy Attorney General
  455 Golden Gate Ave, Suite 11000
  San Francisco, CA 94102-7020
  Telephone: (415) 510-3549
  E-mail: Jonathan.Wiener@doj.ca.gov

*Attorneys for the State Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL CALIFORNIA ENVIRONMENTAL JUSTICE NETWORK, a nonprofit corporation, COMMITTEE FOR A BETTER ARVIN, a nonprofit corporation, MEDICAL ADVOCATES FOR HEALTHY AIR, a nonprofit corporation, and HEALTHY ENVIRONMENT FOR ALL LIVES, an unincorporated association, | 2:22-cv-01714-TLN-CKD<br><br>**ANSWER TO COMPLAINT**<br><br>Judge:           Honorable Troy L. Nunley<br>Action Filed:  September 28, 2022 |
| Plaintiffs, | |
| v. | |
| LIANE RANDOLPH, in her official capacity as Chair of the Air Resources Board, STEVEN CLIFF, in his official capacity as Executive Officer of the Air Resources Board, SANDRA BERG, JOHN EISENHUT, DANIEL SPERLING, JOHN BALMES, DIANE TAKVORIAN, DEAN FLOREZ, HECTOR DE LA TORRE, DAVINA HURT, BARBARA RIORDAN, PHIL SERNA, NORA VARGAS, TANIA PACHECO-WERNER, and GIDEON KRACOV, in their official capacities as Board Members of the Air Resources Board, CONNIE LEYVA and EDUARDO GARCIA, in their official capacities as *Ex Officio* Board Members of the Air Resources Board, SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT, and the GOVERNING BOARD | |

1

OF THE SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT,

         Defendants.

  Defendants Liane Randolph, in her official capacity as Chair of the Air Resources Board; Steven Cliff, in his official capacity as Executive Officer of the Air Resources Board; Sandra Berg, John Eisenhut, Daniel Sperling, John Balmes, Diane Takvorian, Dean Florez, Hector De La Torre, Davina Hurt, Barbara Riordan, Phil Serna, Nora Vargas, Tania Pacheco-Werner, and Gideon Kracov, in their official capacities as Board Members of the Air Resources Board; and Connie Leyva and Eduardo Garcia, in their official capacities as *ex officio* members of the Air Resources Board (collectively "State Defendants"), hereby submit their answer to the Complaint for Injunctive and Declaratory Relief (Complaint). All factual allegations not expressly admitted below are denied.

## INTRODUCTION

1. State Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1, and on that basis deny those allegations.

2. The allegations in Paragraph 2 purport to represent the American Lung Association's State of the Air 2022 report, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 2.

3. The allegations in Paragraph 3 purport to represent the Clean Air Act, 42 U.S.C. § 7401 et seq. and its implementing regulations (collectively, the Clean Air Act), which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 3.

4. The allegations in Paragraph 4 purport to represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 4.

5. The allegations in Paragraph 5 purport to represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 5.

6. The allegations in Paragraph 6 purport to represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 6.

7. The allegations in Paragraph 7 consist of argument and legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations in Paragraph 7.

8. State Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 8, and on that basis deny those allegations.

**JURISDICTION**

9. The allegations in Paragraph 9 consist of argument and legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations in Paragraph 9.

10. The allegations in Paragraph 10 consist of argument and legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations in Paragraph 10.

11. State Defendants admit that Plaintiffs have attached a letter dated July 29, 2022 as Exhibit 1 to the complaint. Exhibit 1 speaks for itself and provides the best evidence of its contents. The remainder of Paragraph 11 consists of argument and legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations in Paragraph 11.

12. State Defendants admit that EPA has not commenced a civil action in a court of the United States or a State to require Defendants' compliance with any particular attainment contingency measures for the 1997 8-hour ozone standard. State Defendants otherwise deny the allegations in Paragraph 12.

## VENUE

13. The allegations in Paragraph 13 consist of argument and legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations in Paragraph 13.

## INTRADISTRICT ASSIGNMENT

14. The allegations in Paragraph 14 consist of argument and legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations in Paragraph 14.

## PARTIES

15. State Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraphs 15 through 21, and on that basis deny those allegations.

16. The allegations in Paragraph 22 consist of argument and legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations in Paragraph 22.

17. The allegations in Paragraph 23 consist of argument and legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations in Paragraph 23.

18. The allegations in Paragraph 24 purport to represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 24.

19. The allegations in Paragraph 25 consist of argument and legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations in Paragraph 25.

20. The allegations in Paragraph 26 consist of argument and legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations in Paragraph 23.

21. The allegations in Paragraph 27 purport to represent California Health and Safety Code §§ 39602, 39002, 39500, and 41650, which speak for themselves and provide the best evidence of

1 | their contents. To the extent a response is required, State Defendants deny the allegations in
2 | paragraph 27.

3 |     22.  State Defendants admit paragraphs 28 through 33.

**STATUTORY FRAMEWORK**

    23.  The allegations in Paragraph 34 purport to represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 34.

    24.  The allegations in Paragraph 35 purport to represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 35.

    25.  The allegations in Paragraph 36 purport to represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 36.

    26.  The allegations in Paragraph 37 purport to represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 37.

**FACTUAL BACKGROUND**

    27.  State Defendants admit Paragraph 38.

    28.  State Defendants deny that short-term or long-term exposure to ozone will necessarily lead to the outcomes listed, although they admit that short-term and long-term exposure may lead to these outcomes. State Defendants otherwise deny the allegations in Paragraph 39.

    29.  The allegations in Paragraph 40 purport to represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 40.

    30.  The allegations in Paragraph 41 purport to represent the San Joaquin Air Valley Unified Air Pollution Control District's 2007 Ozone Plan, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 41.

31. The allegations in Paragraph 42 purport to represent the State Strategy for California's 2007 State Implementation Plan, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 42.

32. The allegations in Paragraph 43 purport to represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 43.

33. The allegations in Paragraph 44 purport to represent the Status Report on the State Strategy for California's 2007 State Implementation Plan (SIP) and Proposed Revision to the SIP Reflecting Implementation of the 2007 State Strategy, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 44.

34. The allegations in Paragraph 45 purport represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 45.

35. The allegations in Paragraph 46 purport to represent CARB Resolution 11-22, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 46.

36. The allegations in Paragraph 47 purport to represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 47.

37. The allegations in Paragraph 48 purport to represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 48. In particular, State Defendants deny that the attainment contingency measures require 16.956 tons per day of NOx reductions and 13.725 tons per day of VOC reductions.

38. The allegations in Paragraph 49 purport to represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 49.

39. The allegations in Paragraph 50 purport to represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 50.

40. The allegations in Paragraph 51 purport to represent CARB Resolution 19-25 and the Progress Report on San Joaquin Valley Emissions Reductions for the 0.08 Parts Per Million 8-Hour Ozone Standard ("Progress Report"), which speak for themselves and provide the best evidence of their contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 51.

41. The allegations in Paragraph 52 purport to represent a December 31, 2019 SIP revision submission, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 52.

42. The allegations in Paragraph 53 purport to represent the Progress Report, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 53.

43. The allegations in Paragraph 54 purport to represent the Progress Report, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 54.

44. The allegations in Paragraph 55 purport to represent CARB Resolution 19-25, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 55.

45. The allegations in Paragraph 56 purport to represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 56.

**COUNT I (VIOLATION OF AN EMISSION STANDARD OR LIMITATION)**

46. In response to Paragraph 57, State Defendants incorporate by reference their responses to Paragraphs 1 through 56.

47. The allegations in Paragraph 58 purport to represent CARB Resolution 11-22, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 58.

48. The allegations in Paragraph 59 purport to represent a November 18, 2011, letter from CARB to EPA, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 59.

49. The allegations in Paragraph 60 purport to represent the Clean Air Act, which speaks for itself and provides the best evidence of its contents. To the extent a response is required, State Defendants deny the allegations in Paragraph 60.

50. The allegations in Paragraph 61 consist of argument and legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations in Paragraph 61.

51. The allegations in Paragraph 62 consist of argument and legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations in Paragraph 62.

52. The allegations in Paragraph 63 consist of argument and legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations in Paragraph 63.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to state a claim)

53. The Complaint fails to state a claim upon which relief can be granted against State Defendants.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to join an indispensable party)

54. Plaintiffs have failed to join an indispensable party.

**THIRD AFFIRMATIVE DEFENSE**

(Lack of subject matter jurisdiction)

55. The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

**FOURTH AFFIRMATIVE DEFENSE**

(No citizen suit authorization)

56. The Court lacks subject matter jurisdiction because the Clean Air Act citizen suit provision does not authorize suits against states for failure to adopt control measures.

**FIFTH AFFIRMATIVE DEFENSE**

(Lack of standing)

57. Plaintiffs lack standing.

**SIXTH AFFIRMATIVE DEFENSE**

(Mootness)

58. Plaintiffs' claims are barred as moot.

**SEVENTH AFFIRMATIVE DEFENSE**

(Estoppel, waiver, and laches)

59. Plaintiffs' claims are barred by the doctrines of estoppel, waiver, and/or laches.

**EIGHTH AFFIRMATIVE DEFENSE**

(Statute of limitations)

60. Plaintiffs' claims are barred by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to exhaust administrative remedies)

61. The Court lacks jurisdiction over Plaintiffs' claims because Plaintiffs have failed to exhaust their administrative remedies.

**WHEREFORE**, State Defendants pray as follows:

1. That Plaintiffs take nothing by reason of their Complaint;
2. That judgment be rendered in favor of State Defendants;
3. That the Court enter a declaration that State Defendants have not violated an emission standard or limitation within the meaning of Section 304(a)(1);

4. That State Defendants be awarded costs of suit incurred in defense of this action; and

5. For such other relief as the Court deems proper.

Dated: October 20, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General

__/s/ Jonathan Wiener_____
JONATHAN WIENER
Deputy Attorney General
*Attorneys for State Defendants*