BRENT J. NEWELL (State Bar No. 210312)
LAW OFFICES OF BRENT J. NEWELL
245 Kentucky Street, Suite A4
Petaluma, CA 94952
Tel: (661) 586-3724
brentjnewell@outlook.com

Attorney for Plaintiffs
Central California Environmental Justice
Network, Committee for a Better Arvin,
Medical Advocates for Healthy Air, and
Healthy Environment for All Lives

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| CENTRAL CALIFORNIA ENVIRONMENTAL JUSTICE NETWORK, a nonprofit corporation, COMMITTEE FOR A BETTER ARVIN, a nonprofit corporation, MEDICAL ADVOCATES FOR HEALTHY AIR, a nonprofit corporation, and HEALTHY ENVIRONMENT FOR ALL LIVES, an unincorporated association,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LIANE RANDOLPH, in her official capacity as Chair of the Air Resources Board, STEVEN CLIFF, in his official capacity as Executive Officer of the Air Resources Board, SANDRA BERG, JOHN EISENHUT, DANIEL SPERLING, JOHN BALMES, DIANE TAKVORIAN, DEAN FLOREZ, HECTOR DE LA TORRE, DAVINA HURT, BARBARA RIORDAN, PHIL SERNA, NORA VARGAS, TANIA PACHECO-WERNER, and GIDEON KRACOV, in their official capacities as Board Members of the Air Resources Board, CONNIE LEYVA and EDUARDO GARCIA, in their official capacities as *Ex Officio* Board Members of the Air Resources Board, SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT, and the GOVERNING BOARD OF THE SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT,<br><br>　　　　Defendants. | Case No. 2:22-cv-01714-TLN-CKD<br><br>Date:  February 9, 2023<br>Time: 2:00 pm<br><br>Courtroom 2<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DECLARATION THAT DEFENDANTS' OFFER OF JUDGMENT IS NULL AND VOID OR, IN THE ALTERNATIVE, MOTION TO QUASH SERVICE OF OFFER OF JUDGMENT** |

## I. INTRODUCTION.

Plaintiffs Central California Environmental Justice Network, *et al.* (collectively "Valley EJ Organizations") seek a declaration that Defendants' Offer of Judgment is null and void. The Court should grant this Motion because an offer of judgment should not apply to this Clean Air Act citizen suit when it would conflict with Congressional intent and the Clean Air Act's mandate that the strategies in the State Implementation Plan must be enforceable, including by citizen suit plaintiffs.

Valley EJ Organizations filed this citizen suit to compel Defendants to comply with a commitment in the State Implementation Plan. As part of California's attainment plan to meet the 1997 8-hour ozone National Ambient Air Quality Standard in the San Joaquin Valley, the California Air Resources Board ("CARB") promised it would develop, adopt, and submit by 2020 attainment contingency measures meeting the applicable requirements of the Act. Congress mandated these measures as part of the Act's remedial scheme because it wanted a fully adopted back-up plan – a Plan B – if an attainment plan's primary strategy fails. With a 2024 attainment deadline looming and ozone pollution levels well above the 1997 8-hour standard, Defendants admit that the commitment is part of the State Implementation Plan and that CARB has not adopted and submitted the attainment contingency measures to the U.S. Environmental Protection Agency ("EPA").

The Valley has "long been 'an area with some of the worst air quality in the United States,' and it has repeatedly failed to meet air quality standards." *Association of Irritated Residents v. U.S. Environmental Protection Agency*, 10 F.4th 937, 944 (9th Cir. 2021) (quoting *Committee for a Better Arvin v. EPA*, 786 F.3d 1169, 1173 (9th Cir. 2015)). Because of this history of failure, and because of the significant public health impacts caused by ozone pollution, San Joaquin Valley communities especially need the agency charged with reducing air pollution to keep its promises. In situations such as this, the Clean Air Act authorizes Valley EJ Organizations to bring an action and to compel state officials to comply with federal law.

On November 28, 2022, Valley EJ Organizations filed a motion for summary judgment requesting that the Court declare that Defendants have a duty to develop, adopt, and submit attainment contingency measures, declare that Defendants and have violated and continue to violate that duty, and order Defendants to adopt and submit the measures no later than 180 days after such order.

MEMORANDUM IN SUPPORT OF MOTION FOR DECLARATION THAT DEFENDANTS' OFFER OF JUDGMENT IS NULL AND VOID
CASE NO.2:22-CV-01714-TLN-CKD                                                              1

On December 19, 2022, Defendants attempted to invoke Rule 68 of the Federal Rules of Civil Procedure ("Rule 68") by emailing the Offer of Judgment to counsel for Valley EJ Organizations. No court has held that an offer of judgment pursuant to Rule 68 applies during the merits phase of any of the several federal environmental citizen suits, including the Clean Air Act.[1] Nor has any court held that an offer of judgment alters the long-standing "whenever appropriate" standard to allow a defendant to recover its post-offer costs and attorney's fees from any environmental citizen suit plaintiff.

To the contrary, courts have rejected Rule 68 offers of judgment because Congress has encouraged citizens to serve as private attorneys general to enforce public rights through citizen suit enforcement by granting citizens access to the courts and reimbursing citizens for their costs and attorney's fees when bringing meritorious actions. In this role as private attorneys general, citizens perform a valuable public service, especially given the extreme pollution plaguing the San Joaquin Valley. Rule 68 interferes with that important congressional objective. Accordingly, this Court should grant this Motion.

## II.   STATEMENT OF ISSUES.

1. Whether the Offer of Judgment is null and void when it would undermine and interfere with congressional intent and Valley EJ Organizations' enforcement of the State Implementation Plan.

2. Whether the Offer of Judgment is null and void in part when the Clean Air Act authorizes costs, including attorney's fees, under the "whenever appropriate" standard.

3. In the alternative, in the event the Court does not declare the Offer of Judgment null and void, whether Defendants properly served the Offer of Judgment when none of the parties in this action have consented in writing to electronic service.

---

[1] The only reported decision of which Valley EJ Organizations are aware which holds that Rule 68 applies to a federal environmental citizen suit did so during a post-judgment motion for costs and attorney's fees, not during the merits phase of the citizen suit. *See Interfaith Community Organization v. Honeywell Intern., Inc.*, 726 F.3d 403, 408 (3d Cir. 2013). Valley EJ Organizations do not concede that Rule 68 should apply during any potential motion for costs and attorney's fees and will object to and oppose any such offer of judgment.

### III.     STATUTORY BACKGROUND AND STATEMENT OF FACTS.

Valley EJ Organizations set forth and incorporate by reference the full statutory background and statement of facts in the Memorandum of Points and Authorities in Support of Motion for Summary Judgement at 2-7 (Dkt. No. 17-1).

On September 28, 2022, Valley EJ Organizations filed the Complaint, alleging that Defendants violated an emission standard or limitation by failing to develop, adopt, and submit by 2020 attainment contingency measures meeting the requirements of section 172(c)(9) of the Clean Air Act, 42 U.S.C. § 7502(c)(9). Complaint, ¶¶ 57-63 (Dkt. No. 1). Valley EJ Organizations pray for injunctive and declaratory relief. *Id*. ¶¶ A, B. Defendants admit the duty applies, that Defendants have not adopted the measures, and dispute "the proper remedy in this action under the Clean Air Act, including whether jurisdiction properly lies in this Court." Joint Scheduling Report at 2:24-25 (Dkt. No. 16).

On November 28, 2022, Valley EJ Organizations filed a Motion for Summary Judgment. (Dkt. No. 17). On December 5, 2022, this Court granted the parties' stipulation and extended the time for Defendants to file the opposition to the Motion and for Valley EJ Organizations to file the reply to January 9, 2022 and January 23, 2022, respectively. (Dkt. No. 19). This Court also ordered the motion submitted without oral argument and vacated the January 12, 2022 hearing. *Id*.

On December 19, 2022, Defendants sent an Offer of Judgment by electronic mail to counsel for Valley EJ Organizations. Declaration of Brent Newell in Support of Motion to Declare Defendants' Offer of Judgment Null and Void, ¶ 3.[2]

Under Rule 68 of the Federal Rules of Civil Procedure ("Rule 68"), a party defending a claim may serve on the opposing party an offer of judgement at least 14 days before trial or "when one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings." FED. R. CIV. P. 68(a), (c). The defendant must serve the offer of judgment on the plaintiff. FED. R. CIV. P. 68(a). If the plaintiff does not accept the offer within 14 days after the defendant served

---

[2] Valley EJ Organizations do not attach the Offer of Judgment to this motion because "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." FED. R. CIV. P. 68(b). Valley EJ Organizations may, however, appropriately disclose the fact that Defendants emailed the Offer of Judgment on December 19, 2022. *See North Carolina Shellfish Growers Association v. Holly Ridge Assoc., LLC*, 278 F.Supp.2d 654, 666 (E.D.N.C. 2003) (granting motion to declare offer of judgment null and void).

the offer, and if the plaintiff does not receive a judgment more favorable than the offer of judgment, then the plaintiff may not recover any post-offer costs and, depending on the underlying statutory scheme, plaintiff must pay the defendants' post-offer costs. FED. R. CIV. P. 68(d); *UMG Recordings, Inc. v. Shelter Capital Partners, LLP*, 718 F.3d. 1006, 1034 (9th Cir. 2013). Once made, the offer of judgment must remain open for the 14-day period and the defendant may not revoke the offer of judgment. *Kubiak v. County of Ravalli*, 32 F.4th 1182, 1188-1189 (9th Cir. 2022). Either party may file the offer of judgment with the court upon acceptance by the plaintiff. FED. R. CIV. P. 68(a). An unaccepted offer of judgment "is not admissible except in a proceeding to determine costs." FED. R. CIV. P. 68(b). Rule 68 "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesney*, 473 U.S. 1, 5 (1985) (upholding application of a Rule 68 offer of judgment to a section 1983 Civil Rights Act claim for damages).

### IV.  ARGUMENT.

    A.  The Court should declare the Offer of Judgment null and void because it would undermine Congress's intent and Valley EJ Organizations' enforcement of the Clean Air Act.

Application of Rule 68 here would severely undermine Congress's carefully crafted enforcement scheme and citizen enforcement of the strategies that secure healthy air. Congress wanted enforceable air pollution controls and for the citizen suit plaintiff to recover costs, including reasonable attorney's fees, whenever appropriate. To that end, the Clean Air Act requires states to submit, and EPA to ensure, that the State Implementation Plan strategies to secure the National Ambient Air Quality Standards are *enforceable*. Once approved by EPA, the citizen suit plaintiff may enforce such strategies and recover costs of litigation under the "whenever appropriate" standard in the Act's citizen suit provision. Any application of the Rule 68 cost-shifting mechanism to this carefully crafted enforcement scheme would effectively make the State Implementation Plan measures less enforceable than what Congress wanted. It would fundamentally interfere with cases such as this where the citizen suit plaintiff becomes subject to significant coercion through a threat of resource deprivation by the very same state officials that should be held accountable for violating the State Implementation Plan "to the extent permitted by the Eleventh Amendment to the Constitution." 42 U.S.C. § 7604(a), (f)(4) (defining "emission standard or

limitation" to include, among other pollution controls, the EPA-approved State Implementation Plan). This Court should declare the Offer of Judgment in this case null and void.

Congress enacted the citizen-suit provision of the Clean Air Act "specifically to encourage 'citizen participation in the enforcement of the standards and regulations established under this Act.'" *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 560 (1986) (quoting S.Rep. No. 91-1196, p. 36 (1970)) (hereafter "*Delaware Valley*"). Congress intended the section "'to afford . . . citizens . . . very broad opportunities to participate in the effort to prevent and abate air pollution.'" *Id*. (ellipses in original). Congress's intent to empower citizens and the express citizen suit provision authorizing enforcement and providing the resources to do so underscores the critical role citizen enforcement plays in the Act. *See* 42 U.S.C. § 7604. And the Ninth Circuit has emphasized the role of citizen enforcement by holding that citizens may enforce CARB's commitments.

The State Implementation Plan, with enforceable strategies, ensures states will achieve the health-based National Ambient Air Quality Standards ("NAAQS" or "standards"). While the standards themselves and the aspirational goals of the Act are not enforceable, the strategies by which states must achieve those standards are enforceable by citizens. *Bayview Hunters Point Community Advocates v. Metropolitan Transp. Comm'n*, 366 F.3d 692, 701 (9th Cir. 2004) (holding a 15% public transit ridership increase was an unenforceable goal). Congress has expressly and unambiguously mandated that all measures must be enforceable. 42 U.S.C. §§ 7410(a)(2)(A), 7502(c)(6). The Ninth Circuit has interpreted the Act and applied that enforceability principle to hold commitments by CARB to achieve reductions by a specific date were enforceable strategies. *Committee for a Better Arvin*, 786 F.3d at 1179-1181. And in *Committee for a Better Arvin*, the Ninth Circuit further held that plaintiffs such as Valley EJ Organizations could "seek timely remedies under the [Clean Air Act] if California does not fulfill its commitments to propose or adopt emission control measures or to achieve aggregate emissions reductions." *Id*. at 1181-1182 ("If California does not fulfill a commitment to propose and adopt emission control measures or to achieve aggregate emission reductions, the public can seek a remedy for such specific violations."). The Ninth Circuit recently applied that enforceability principle in a petition for review challenging EPA's approval of a CARB contingency measure that, even though EPA admitted the measure was not approvable as a stand-alone contingency measure for other reasons, the

measure still had to satisfy and did satisfy the Act's enforceability mandate. *Association of Irritated Residents*, 10 F.4th at 947 (noting that a failure to implement the Enhanced Enforcement Activities Program "may be challenged either by EPA or citizens.").

The Supreme Court has condoned the use of Rule 68 outside of the citizen suit context. In *Marek v. Chesney*, the Supreme Court held that "*absent congressional expressions to the contrary*, where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68." 473 U.S. 1, 9 (1985) (applying Rule 68 to the Civil Rights Act) (emphasis added). Unlike the individual plaintiff in *Marek* who sought to obtain damages in a section 1983 claim alleging police misconduct, the Valley EJ Organizations here enforce the State Implementation Plan as Congress intended to secure injunctive and declaratory relief without *any* financial self-interest.[3]

Application of a Rule 68 offer of judgment here would fundamentally alter Valley EJ Organization's ability to enforce the Clean Air Act. The Supreme Court's rationale in *Marek* for creating an incentive for civil rights plaintiffs to settle lawsuits offends Congressional intent when Valley EJ Organizations seek to enforce the State Implementation Plan and when Congress expressly mandated enforceability, provided the citizen suit mechanism to hold California state officials accountable, and authorized the recovery of costs, including reasonable attorney's fees whenever appropriate. Valley EJ Organizations are aware of no decisions in which a court has allowed a Rule 68 offer of judgment to upend citizen enforcement during the merits phase of *any* environmental citizen suit, and two district court decisions provide important authority in the context of the Emergency Planning and Community Right to Know Act ("EPCRA") and the Clean Water Act.[4]

---

[3] In actions brought under 42 U.S.C. § 1983, plaintiffs may obtain personal benefits from the lawsuit, including compensatory and punitive damages. The only monetary relief allowed in the Clean Air Act are civil penalties paid to the U.S. Treasury or an environmental project benefitting the public, neither of which Valley EJ Organizations have not sought here. *See* 42 U.S.C. § 7604(a), (g). In this citizen suit, Valley EJ Organizations seek injunctive and declaratory relief pursuant to the *Ex Parte Young* doctrine. Complaint, ¶¶ A, B; *see also Arizona Students' Association v. Arizona Board of Regents*, 824 F.3d 858, 865-866 (9th Cir. 2016) (allowing prospective injunctive and declaratory relief claims alleging university officials violated the First Amendment).

[4] Because of the similarities between various citizen suit provisions, courts "have relied on cases interpreting the citizen suit provisions in each of these statutes to interpret the other's citizen suit provision." *Ashoff v. City of Ukiah,* 130 F.3d 409, 413 (9th Cir. 1997); *cf.* 33 U.S.C. § 1365 (Clean Water Act) *with* 42 U.S.C. § 7604 (Clean Air Act) *with* 42 U.S.C. § 6972 (Resources Conservation and

In *Don't Waste Arizona, Inc. v. Hickman's Egg Ranch, Inc.*, 2019 WL 955223 (D. Ariz. Feb. 27, 2019), a district court considered the applicability of Rule 68 during the post-judgment fees litigation in an EPCRA citizen suit. The defendant argued that the citizen suit plaintiff was not entitled to attorney's fees after the date of the offer of judgment. *Don't Waste Arizona*, 2019 WL 955223 at *2. Rejecting that argument, the district court held that Rule 68 did not apply when EPCRA "was designed to benefit the public interest" and the citizen suit is "substantially different from a typical private action where Rule 68 applies." *Id*. The district court further held Rule 68 did not apply because "[e]very court that has directly confronted this issue has found that Rule 68 does not apply to the citizen suit provision of environmental statutes, because applying Rule 68 in this context would eviscerate EPCRA's citizen suit provision." *Id*. (citing *Shellfish Growers*, 278 F.Supp.2d at 668 and *Friends of the Earth v. Chevron Chem. Co.*, 885 F. Supp.934, 939-940 (E.D. Tex. 1995)).

The district court in *Shellfish Growers* considered the applicability of Rule 68 during the merits phase of a Clean Water Act citizen suit when it declared the defendants' offer of judgment null and void at the same time it decided the plaintiffs' motion for summary judgment. *Shellfish Growers*, 278 F.Supp.2d at 660. The district court observed that the "application of Rule 68 to [Clean Water Act] citizen suits creates enormous disincentives and discourages citizens [sic] plaintiffs from vigorously prosecuting claims under the [Clean Water Act]." *Id*. The district court further noted the fundamental difference between private litigants and citizen suit plaintiffs, declared the offer of judgment null and void, and held that "Rule 68 is incompatible with the purposes of Congress in enacting the [Clean Water Act]." *Id.* Applying Rule 68 in the context of the Clean Air Act would have a chilling effect on citizen enforcement and abrogate the Clean Air Act in a similar manner as the *Shellfish Growers* and *Don't Waste Arizona* courts have concluded.

Valley EJ Organizations cannot bear the potential consequences of Rule 68 applicability either in this action or in future citizen suits. Declaration of Nayamin Martinez, ¶ 5; Declaration of Kevin Hamilton, ¶ 4; Declaration of Veronica Aguirre, ¶ 6; Declaration of Estella Escoto, ¶ 6. Furthermore, the Offer of Judgment here pits resources of a California state agency, an air district, and the California

---

Recovery Act) *with* 16 U.S.C. § 1540(g)(4) (Endangered Species Act) *with* 42 U.S.C. § 11046 (Emergency Planning and Community Right to Know Act).

Department of Justice against small, community-based environmental justice organizations. Martinez Decl. ¶ 5; Hamilton Decl. ¶ 5; Aguirre Decl. ¶ 6; Escoto Decl. ¶ 7. The Executive Director of the Central California Environmental Justice Network describes the risk Rule 68 would create to not just her organization, but to other communities working hard for environmental justice. Martinez Decl. ¶ 6.

Rule 68 not only contravenes the Clean Air Act enforcement scheme, but it also violates the Rules Enabling Act when applied in the Clean Air Act context. The Rules Enabling Act provides that the Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Healthy air quality is a public right established by the Clean Air Act, and the enforceable State Implementation Plan and citizen suit mechanism create the machinery to secure that public right. The Federal Rules of Civil Procedure should not alter that legislative determination. *Cf. Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975) (rejecting deviation from the American common-law rule on attorney's fees because it is "inappropriate for the Judiciary, without legislative guidance, to reallocate the burdens of litigation.").

This Court should declare the Offer of Judgment null and void as inconsistent with the Clean Air Act and congressional intent, and in violation of the Rules Enabling Act.

> B. The Court should declare the Offer of Judgment null and void in part because under the Clean Air Act's "whenever appropriate" fee shifting provision, Defendants cannot recover their post-offer costs and attorney's fees.

If this Court declines to declare the Offer of Judgment null and void for the reasons in section VI.A, *infra*, this Court should declare the Offer of Judgment null and void in part because this case is not frivolous, unreasonable, or groundless and Defendants have no possible entitlement to costs, including reasonable attorney's fees. Defendants have admitted liability and state that the only remaining issue is the remedy, including whether this Court has jurisdiction. Joint Scheduling Report at 2:24-25 (Dkt. No. 16). Therefore, the Offer of Judgment should not operate to require Valley EJ Organizations to bear the costs and attorney's fees incurred by Defendants when Defendants have no entitlement to such costs under the Act.

Congress included a fee-shifting mechanism in the citizen suit provision, which reads in pertinent part:

> The court, in issuing any final order in any action brought pursuant to subsection (a) of this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate.

42 U.S.C. § 7604(d).

The aim of this and other fee-shifting provisions of similar federal statutes is "to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws." *Delaware Valley*, 478 U.S. at 565. As the Supreme Court described, Congress urged the courts to "recognize that in bringing legitimate actions under [the fee-shifting provision of the Clean Air Act] citizens would be performing a public service and in such instances the courts should award costs of litigation to such party." *Id*. at 560 (quoting S.Rep. No. 91-1196 at 38).

The fee-shifting provision of the Clean Air Act tracks fee-shifting provisions in other statutes that are enforced by plaintiffs as private attorneys general. The Supreme Court directs courts to interpret the "whenever appropriate" standard in the Clean Air Act "in the same manner" as fee-shifting provision of the Civil Rights Act which applies the same standard "given the common purpose" of both sections "to promote citizen enforcement of important federal policies." *Delaware Valley*, 478 U.S. at 560; *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 713 n.1 (1987) ("in awarding attorney's fees under [the citizen suit provision of the Clean Air Act] the courts should follow the principles and case law governing the award of such fees under 42 U.S.C. § 1988").

The Ninth Circuit has affirmed the principle that courts should apply case law interpreting the fee shifting provision of the Civil Rights Act to environmental statutes' fee shifting provisions. In *St. John's Organic Farm v. Gem County Mosquito Abatement Dist.*, the Ninth Circuit equated the fee-shifting provisions of the Clean Air Act, the Endangered Species Act, and the Clean Water Act to the fee-shifting provision of the Civil Rights Act when it adopted the "special circumstances" standard for considering whether a fee award to a prevailing Clean Water Act plaintiff was appropriate within the meaning of the Clean Water Act. 574 F.3d 1054, 1062-1063 (9th Cir. 2009). The Ninth Circuit specifically relied upon *Delaware Valley* when interpreting the Endangered Species Act citizen suit provision that, just like the Clean Air Act, employs the "whenever appropriate" standard for fee-shifting. *Id*., citing *Marbled Murrelet v. Babbitt*, 182 F.3d 1091, 1095 (9th Cir. 1999).

> The CAA (at issue in *Delaware Valley*), the ESA (at issue in *Marbled Murrelet*), and the CWA (at issue in this case) are all broad public interest statutes that authorize citizen suits to enforce their substantive provisions. Moreover, the language in the attorney's fees provisions in each of the three statutes is in all relevant ways identical. We interpret § 1365(d) the same way the Supreme Court interpreted § 304(d) of the CAA in *Delaware Valley* and the same way we interpreted § 1536(d) of the ESA in *Marbled Murrelet*. We therefore conclude, following *Piggie Park* and its progeny, that the word "appropriate" in § 1365(d) means the same thing it does in § 1988 and the other civil rights statutes with respect to an award of attorney's fees to a prevailing plaintiff.

*Id*. at 1063.

Defendants can only recover costs under the "whenever appropriate" standard when a court finds that the claim was frivolous, unreasonable, or groundless. In interpreting the fee-shifting provisions of civil rights statutes, the Supreme Court has held that these provisions are intended to benefit plaintiffs, and that prevailing defendants are normally not entitled to their fees. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). The reasons for this disparity are obvious.

> Oftentimes, in the civil rights context, impecunious "private attorney general" plaintiffs can ill afford to litigate their claims against defendants with more resources. Congress sought to redress this balance in part, and to provide incentives for the bringing of meritorious lawsuits, by treating successful plaintiffs more favorably than successful defendants in terms of the award of attorney's fees.

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 524 (1994).

Thus, the Supreme Court has held that the prevailing defendant in civil rights suits is not entitled to fees "unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg*, 434 U.S. at 422. The Ninth Circuit applied the *Christiansburg* standard to deny fees to a prevailing defendant in an Endangered Species Act citizen suit. *Marbled Murrelet*, 182 F.3d at 1095-1096. As a result, *Marbled Murrelet* controls the application of the *Christiansburg* standard to this Clean Air Act citizen suit because both statutes apply the "whenever appropriate" standard for awarding costs, including attorney's fees. *Compare* 42 U.S.C. § 7604(d) *with* 16 U.S.C. § 1540(g)(4); *see also Sierra Club v. Ruckelshaus*, 463 U.S. 680, 682 n.1 (1983) (the Supreme Court's interpretation of the "where appropriate" standard in the Clean Air Act controls the interpretation of the standard in other identical federal fee-shifting provisions, including the Endangered Species Act). The "whenever appropriate" standard thus controls the award of costs, including reasonable attorney's fees, in this Clean Air Act citizen suit.

Rule 68 applies the underlying statutory standard when determining the allocation of costs in the

event the plaintiff secures less relief than the offer of judgment. The Ninth Circuit has considered the issue of the Rule 68 application and applied the underlying standard on several occasions to deny a defendant recovery of attorney's fees even when a plaintiff does not secure more relief than the offer of judgment. *See UMG Recordings, Inc. v. Shelter Capital Partners, LLP*, 718 F.3d. 1006, 1034 (9th Cir. 2013) (applying the underlying statutory standard in the Copyright Act to hold a defendant could not recover attorney's fees under Rule 68); *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 860-861 (9th Cir. 1996) (applying the underlying statutory standard in section 113(b) of the Clean Air Act, 42 U.S.C. § 7413(b), to hold that the defendant could not recover fees under Rule 68 unless the case was "unreasonable.").[5]

Defendants cannot establish that this citizen suit is frivolous, unreasonable, or groundless when Defendants have already admitted liability and this Court has jurisdiction. Joint Scheduling Report at 2:22-24 (Dkt. No. 16); Memorandum of Points and Authorities in Support of Motion for Summary Judgment at 7-13 (Dkt. No. 17-1). Applying the "whenever appropriate" standard, this Court should declare that Defendants have no entitlement to fees and the Offer of Judgment is thus null and void in part.

C.  In the alternative, if the Court does not declare the Offer of Judgment null and void, this Court should quash service of the Offer of Judgment.

Valley EJ Organizations in the alternative move to quash service of the Offer of Judgment on the grounds that Valley EJ Organizations did not consent to service by email.

On December 19, 2022, Defendants emailed the Offer of Judgment to counsel for Valley EJ Organizations. Declaration of Brent Newell in Support of Motion to Declare Defendants' Offer of Judgment Null and Void, ¶ 3. None of the parties in this action have consented in writing to accepting electronic service. Newell Decl. ¶ 4.[6]

Rule 68 requires a defendant to serve the offer of judgment on the plaintiff. FED. R. CIV. P. 68(a).

---

[5] While *Trident Seafoods* involved a Rule 68 offer in a Clean Air Act enforcement action, the context did not involve a citizen suit plaintiff but rather enforcement by the United States pursuant to the EPA's authority to enforce the Act. *Trident Seafoods*, 92 F.3d at 858 (citing 42 U.S.C. § 7413(b)).

[6] In 2005 or 2006, counsel for Valley EJ Organizations registered for the Eastern District's CM/ECF system. Newell Decl. ¶ 5.

Rule 5 in turn governs electronic service, which includes either service through the CM/ECF system or electronic service upon a party's consent in writing. FED. R. CIV. P. 5(b)(2)(E). The Local Rules also govern electronic service. Local Rule 135 states:

> Registration as a filing user constitutes: (1) consent to receive service electronically pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Fed. R. Crim. P. 49 and waiver of the right to receive service by any other means; and (2) consent to making electronic service pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Fed. R. Crim. P. 49 and waiver of the right to make service by any other means . . . *Service by electronic means is complete upon transmission of the Notice of Electronic Filing*.

Local Rule 135(g)(1) (emphasis added). At least two decisions in the Eastern District have identified the ambiguity in the application of Local Rule 135 to documents that parties have not filed through the CM/ECF system and which thus did not generate a Notice of Electronic Filing.

In *Greeley v. Lee*, the district court rejected the plaintiff's argument that defendant's electronic service of discovery documents was invalid when the plaintiff did not consent to electronic service. 2008 WL 298822 at *1 (E.D. Cal. Feb. 1, 2008). After noting that "plaintiff's own service of discovery responses by electronic means undermines this argument," the district court held that the service was valid because Local Rule 135(g) contemplated electronic service of discovery documents. *Id*.

In *Johnson v. Shaffer*, the district court considered defendants' argument that electronic service of discovery documents without defendants' consent was invalid. 2013 WL 5934156 at *5 (E. D. Cal. Nov. 1, 2013). The *Johnson* court noted that while Local Rule 135(g)(1) governed electronic service, it also makes such service effective upon the transmission of the Notice of Electronic Filing. *Id*. (citing Local Rule 135(g)(1)). The court declined to resolve the ambiguity in Local Rule 135 because "the fact that this dispute has arisen at all raises a larger problem regarding the management and scheduling of this case." *Id*.

This Court should quash the service of the Offer of Judgment because the parties have not consented to electronic service in writing and because Defendants did not file the Offer of Judgement through the CM/ECF system to generate a Notice of Electronic Filing. Without consent in writing or a Notice of Electronic Filing, no valid electronic service occurred within the meaning of Local Rule 135.

///

///

**V.     CONCLUSION.**

For the foregoing reasons, this Court should declare the Offer of Judgment null and void. In the alternative, this Court should quash Defendant's service of the Offer of Judgment.

Dated: January 2, 2023               Respectfully Submitted,

<u>/s/ Brent J. Newell</u>
Brent J. Newell
Attorney for Plaintiffs
Central California Environmental Justice Network, *et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on January 2, 2023, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

/s/ Brent Newell
Brent Newell