BRENT J. NEWELL (State Bar No. 210312)
LAW OFFICES OF BRENT J. NEWELL
245 Kentucky Street, Suite A4
Petaluma, CA 94952
Tel: (661) 586-3724
brentjnewell@outlook.com

Attorney for Plaintiffs
Central California Environmental
Justice Network, Committee for a Better Arvin,
Medical Advocates for Healthy Air, and
Healthy Environment for All Lives

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| CENTRAL CALIFORNIA ENVIRONMENTAL JUSTICE NETWORK, a nonprofit corporation, COMMITTEE FOR A BETTER ARVIN, a nonprofit corporation, MEDICAL ADVOCATES FOR HEALTHY AIR, a nonprofit corporation, and HEALTHY ENVIRONMENT FOR ALL LIVES, an unincorporated association,<br><br>    Plaintiffs,<br><br>  v.<br><br>LIANE RANDOLPH, in her official capacity as Chair of the Air Resources Board, STEVEN CLIFF, in his official capacity as Executive Officer of the Air Resources Board, SANDRA BERG, JOHN EISENHUT, DANIEL SPERLING, JOHN BALMES, DIANE TAKVORIAN, DEAN FLOREZ, HECTOR DE LA TORRE, DAVINA HURT, BARBARA RIORDAN, PHIL SERNA, NORA VARGAS, TANIA PACHECO-WERNER, and GIDEON KRACOV, in their official capacities as Board Members of the Air Resources Board, CONNIE LEYVA and EDUARDO GARCIA, in their official capacities as *Ex Officio* Board Members of the Air Resources Board, SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT, and the GOVERNING BOARD OF THE SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT,<br><br>    Defendants. | Case No. 2:22-cv-01714-TLN-CKD<br><br>**PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' RULE 68 MOTION** |

### I.     Introduction.

Plaintiffs Central California Environmental Justice Network, *et al.* (collectively "Valley EJ Organizations") respectfully request that the Court deny the State Defendants' Ex Parte Application because of prejudice to Valley EJ Organizations and a lack of good cause. State Defendants have failed to demonstrate that Valley EJ Organizations will more likely than not obtain relief more favorable than the Offer of Judgment. Absent that showing, it remains unclear whether the deferral of the Motion for Declaration that Defendants' Offer of Judgment is Null and Void or, in the Alternative, Motion to Quash Service of Offer of Judgment ("Rule 68 Motion") would conserve judicial resources. And if the Court did grant such relief, Valley EJ Organizations would suffer prejudice after proceeding in the manner approved by the district court in *North Carolina Shellfish Growers Association v. Holly Ridge Assoc., LLC*, 278 F.Supp.2d 654 (E.D.N.C. 2003). Accordingly, the Court should deny the Application.

### II.    Background and Statement of Facts.

Valley EJ Organizations refer the Court to the Statutory Background and Statement of Facts fully set forth in their opening brief in support of the Motion for Summary Judgment. *See* Memorandum of Points and Authorities at 2-7 (Dkt. No. 17-1). For further background and facts related to the Offer of Judgment, Valley EJ Organizations further refer the Court to the opening brief in support of the Rule 68 Motion. *See* Memorandum of Points and Authorities at 3-4 (Dkt. No. 20-1).

### III.   Argument.

The Court should deny State Defendants' Ex Parte Application because it fails to demonstrate good cause and deferral of the Rule 68 Motion would prejudice Valley EJ Organizations.

The Application does not simply seek more time for counsel to respond to the Rule 68 Motion. It more fundamentally asks the Court to refrain from ruling on an appropriate motion challenging the validity of an offer of judgment made during the merits phase of a Clean Air Act citizen suit when no court has ever condoned such use of Rule 68 in any environmental citizen suit. *See* Memorandum of Points and Authorities at 6:12-7:22 and n.1 (Dkt. No. 20-1). At bottom, State Defendants contend that deferring resolution of the motion will conserve judicial resources. "If Plaintiffs obtain a judgment that is more favorable that Defendants' offer, Plaintiffs' Rule 68 motion will be effectively moot and there will be no reason for the parties to brief or the Court to rule on it." Ex Parte Application at 3:11-13.

PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:22-CV-01714-TLN-CKD                                                                                                          1

While the Court may grant Valley EJ Organizations a more favorable outcome than the Offer of Judgment, the opposite may also occur. The Court's ruling on the Motion for Summary Judgment may not provide more relief and the Court will nevertheless have to expend its resources during the post-judgment phase of this case deciding whether Rule 68 applies to this Clean Air Act citizen suit or, alternatively, whether Defendants properly served the Offer of Judgment. Furthermore, additional issues may arise, including whether the actual terms of the Offer of Judgment comport with Rule 68 requirements.[1] Thus, the ruling on the Motion for Summary Judgment may or may not moot the Rule 68 motion and State Defendants have offered no argument that would make deferral of the Rule 68 Motion the path forward most likely to conserve judicial resources.

The Court should also deny the Application because the relief sought would prejudice Valley EJ Organizations by deferring the resolution of the issue until after final judgment. State Defendants request the deadline to oppose the motion to extend to "14 days after the Court rules on Plaintiffs' currently-pending Motion for Summary Judgment." Ex Parte Application at 1:7-8. If the Court grants the Application, and the Court orders relief less favorable than the Offer of Judgment, then Valley EJ Organizations would carry the burden of the potential harm to their capacity to enforce the State Implementation Plan as Congress intended into the post-judgment phase of this case without resolution or the ability to appeal any adverse decision on the Rule 68 Motion as part of the final judgment. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175-176 (1989) (requests for attorney's fees and costs are deemed collateral to the merits of the action and thus need not be resolved for the judgment in the action to be final); *Budenich v. Becton Dickenson and Co.*, 486 U.S. 196, 200 (1988) (holding that a post-judgment motion for attorneys' fees did not prevent a judgment from becoming final); Fed. R. App. P. 4(a)(1)(A) (a notice of appeal in a civil case must be filed "within 30 days after entry of the judgment or order appealed from.").

Valley EJ Organizations could file an additional motion with the Court under Rule 58(e) if the Court grants the Ex Parte Application. "Ordinarily, the entry of judgment may not be delayed, nor the

---

[1] The Rule 68 Motion does not challenge the actual terms of the Offer of Judgement because an unaccepted offer of judgment "is not admissible except in a proceeding to determine costs." FED. R. CIV. P. 68(b).

PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' EX PARTE APPLICATION
CASE NO. 2:22-CV-01714-TLN-CKD                                                                 2

time for appeal extended, in order to tax costs or award fees." Fed. R. Civ. P. 58(e). But a Rule 58(e) motion could extend the time to file an appeal until the Rule 68 Motion and an attorney's fees motion have been decided. Fed. R. Civ. P. 58(e); *Nutrition Distribution, LLC v. IronMags Labs, LLC*, 978 F.3d 1068, 1073 (9th Cir. 2020) (holding that the failure to file a Rule 58(e) motion did not extend the time to file an appeal). And this procedure would essentially force the parties to litigate fees rather than negotiating a fees settlement if the Offer of Judgment carries forward from the merits phase of the case. All of this additional motion practice would force Valley EJ Organizations to expend additional resources and cause prejudice, and may also consume more judicial resources than deciding the Rule 68 Motion on its present schedule.

Already one district court has approved of the same procedure Valley EJ Organizations have invoked here to hold that Rule 68 did not apply to a Clean Water Act citizen suit. In *Shellfish Growers*, the district court granted a motion for a declaration that an offer of judgment was null and void at the same time that it resolved the plaintiffs' motion for summary judgment. 278 F.Supp.2d 654, 666 (E.D.N.C. 2003). Valley EJ Organizations relied on this authority to file the Rule 68 Motion as well as to object to Defendants' improper service within the 14-day period following receipt of the Offer of Judgment. *See* Fed. R. Civ. P. 68(a). The Defendants attempted to invoke Rule 68 during the merits phase of this case. Valley EJ Organizations then utilized proper procedure for challenging that offer of judgment and would be prejudiced by the deferral of the issue into the post-judgment phase which would require them to expend even more resources to protect their capacity to enforce the Clean Air Act as Congress intended.

**IV.     Conclusion.**

For the foregoing reasons, the Court should deny the Ex Parte Application.

Dated:  January 16, 2023                    Respectfully Submitted,

/s/ Brent J. Newell
Brent J. Newell
Attorney for Plaintiffs
Central California Environmental Justice Network, *et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on January 16, 2023, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

/s/ Brent Newell
Brent Newell