ROB BONTA, State Bar No. 202668
Attorney General of California
MYUNG J. PARK, State Bar No. 210866
Supervising Deputy Attorney General
COREY M. MOFFAT, State Bar No. 305620
JONATHAN A. WIENER, State Bar No. 265006
NATALIE COLLINS, State Bar No. 338348
Deputy Attorney General
 455 Golden Gate Ave, Suite 11000
 San Francisco, CA 94102-7020
 Telephone: (415) 510-3787
 E-mail: Corey.Moffat@doj.ca.gov

*Attorneys for the State Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CENTRAL CALIFORNIA ENVIRONMENTAL JUSTICE NETWORK**, a nonprofit corporation, **COMMITTEE FOR A BETTER ARVIN**, a nonprofit corporation, **MEDICAL ADVOCATES FOR HEALTHY AIR**, a nonprofit corporation, and **HEALTHY ENVIRONMENT FOR ALL LIVES**, an unincorporated association,<br><br>Plaintiffs,<br><br>v.<br><br>**LIANE RANDOLPH, in her official capacity as Chair of the Air Resources Board, STEVEN CLIFF, in his official capacity as Executive Officer of the Air Resources Board, SANDRA BERG, JOHN EISENHUT, DANIEL SPERLING, JOHN BALMES, DIANE TAKVORIAN, DEAN FLOREZ, HECTOR DE LA TORRE, DAVINA HURT, BARBARA RIORDAN, PHIL SERNA, NORA VARGAS, TANIA PACHECO-WERNER, and GIDEON KRACOV, in their official capacities as Board Members of the Air Resources Board, CONNIE LEYVA and EDUARDO GARCIA, in their official capacities as *Ex Officio* Board Members of the Air Resources Board, SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT, and the GOVERNING BOARD OF THE SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT,**<br><br>Defendants. | 2:22-cv-01714-TLN-CKD<br><br>**STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION RE DEFENDANTS' OFFER OF JUDGMENT**<br><br>Judge:        Honorable Troy L. Nunley<br><br>Action Filed: September 28, 2022 |

# INTRODUCTION

Plaintiffs' motion seeks an exception from the Federal Rules of Civil Procedure. Because Plaintiffs' arguments are supported by neither a plain reading of the rules nor the case law interpreting them, the Court should reject Plaintiffs' request.

As Plaintiffs recount, Defendants served an offer of judgment pursuant to Federal Rules of Civil Procedure, Rule 68 (Rule 68 offer) on Plaintiffs on December 19, 2022.[1] The purpose of this offer, as recognized and "actively supported by courts," was to encourage the settlement of this matter and avoid unnecessary litigation. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006); *see Marek v. Chesny*, 473 U.S. 1, 5 (1985) ("The plain purpose of Rule 68 is to encourage settlement and avoid litigation.") Within a couple hours of receiving Defendants' Rule 68 offer, Plaintiffs' counsel emailed back confirmation of receipt. Decl. of Corey Moffat, ¶ 3. However, rather than subsequently accepting or rejecting the offer within the statutorily allocated fourteen days, Plaintiffs filed this motion seeking to declare the offer null and void in whole, in part, or in the alternative, to quash Defendants' service of the offer.

The essence of Plaintiffs' argument is that it would be unfair to apply Rule 68 to them because doing so might impede their ability to bring Clean Air Act citizen suits in the future. *See* Memorandum in Support of Plaintiffs' Motion re Defendants' Offer of Judgment, Dkt. No. 20-1 (Plaintiffs' Memo). As explained below, such individualized treatment has been consistently rejected by the Supreme Court and those Courts of Appeals that have addressed the issue. In fact, the Supreme Court rejected an effectively identical argument seeking specialized treatment under the Civil Rights Attorney's Fees Awards Act of 1976 on the basis that Rule 68 does not "significantly deter [plaintiffs] from bringing suit," but is instead "neutral, favoring neither plaintiffs nor defendants." *Marek*, 473 U.S. 1, 10; *see Kubiak v. Cnty. of Ravalli*, 32 F.4th 1182, 1190 (9th Cir. 2022) (rejecting inverse claim of unfairness by Rule 68 *offeror* on grounds that "language of Rule 68 must control."). The same logic applies in the context of the Clean Air Act.

---

[1] Under Rule 68, a civil defendant may serve an offer of judgment at any point up until fourteen days before trial begins, at which time the plaintiff will then have fourteen days to decide whether to accept or decline the offer. *See generally*, 12 C. Wright & A. Miller, Federal Practice & Procedure §§ 3002–05 (3d ed. 2022) (describing process and timing of Rule 68 offers).

Accordingly, because a plain reading of Rule 68 reveals no reason why it should not be applied consistently across all civil cases, and because Plaintiffs' argument seeking specialized treatment is without merit, this Court should reject Plaintiffs' motion in its entirety and find that Defendants' Rule 68 offer was appropriate under the circumstances.

## ARGUMENT

### I. Rule 68 Properly Applies in the Context of Clean Air Act Citizen Suits

Any analysis of the propriety of Rule 68 in the context of Clean Air Act citizen suits properly begins with the text of the rule. *See Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 123 (1989) ("We give the Federal Rules of Civil Procedure their plain meaning, and generally with them as with a statute, '[w]hen we find the terms . . . unambiguous, judicial inquiry is complete.'" (internal citation omitted)). Rule 68 provides, in pertinent part:

> (a) Making an Offer; Judgment on an Accepted Offer.  At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment.
>
> …
>
> (d) Paying Costs After an Unaccepted Offer.  If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

As such, Rule 68 contains no exception for any particular type of civil action. 12 C. Wright & A. Miller, Federal Practice & Procedure § 3001.1 (3d ed. 2022). Moreover, Rule 1 provides that the Federal Rules of Civil Procedure – including Rule 68 – "govern the procedure in *all* civil actions and proceedings" unless specifically exempted by Rule 81, and Rule 81 makes no mention of exempting any type of action from Rule 68. Fed. R. Civ. P. 1, 68 (emphasis added). Accordingly, it is generally accepted that "the application of Rule 68 should not depend upon the type of case presented unless it is among those excluded by Rule 81 until and unless there is an amendment to the rules so providing." 12 C. Wright & A. Miller, Federal Practice & Procedure § 3001.1 (3d ed. 2022).

The Supreme Court has recognized that Congress may choose to depart from the usual

course of having all civil lawsuits tried under the Federal Rules of Civil Procedure, but requires a "direct expression by Congress of its intent" to do so. *Califano v. Yamasaki*, 442 U.S. 682, 700 (1979). Thus, the Supreme Court rejected the claim in *Marek* that Rule 68 is inapplicable in the context of civil rights litigation under 42 U.S.C. § 1988 because "[n]othing revealed in our review of the policies underlying § 1988 constitutes the necessary clear expression of congressional intent required to exempt . . . [the] statute from the operation of Rule 68." 473 U.S. at 11–12 (1985) (alteration in original). Here, as in *Marek*, Congress has made no direct expression of its intent to exempt citizen suits generally, or Clean Air Act citizen suits in particular, from the applicability of Rule 68.

Plaintiffs cite the legislative history recounted in *Pennsylvania v. Del. Valley Citizens' Council for Clean Air* that "Congress enacted [the Clean Air Act citizen suit provision] § 304 specifically to encourage citizen participation in the enforcement of standards and regulations established under this Act, and intended the section 'to afford ... citizens ... very broad opportunities to participate in the effort to prevent and abate air pollution.'" 478 U.S. 546, 560 (1986) (internal citations omitted). However, this is not a "direct expression of intent" to exempt Clean Air Act citizen suits from the Federal Rules of Civil Procedure. Furthermore, the Supreme Court followed up its discussion in *Delaware Valley Citizens' Council for Clean Air* by holding that, "[g]iven the common purpose of both § 304(d) and § 1988 to promote citizen enforcement of important federal policies, we find no reason not to interpret both provisions governing attorney's fees in the same manner." 478 U.S. at 560. And since the Supreme Court made explicit in *Marek* that Rule 68 is applicable in the context of § 1988 lawsuits, the same result necessarily follows in the context of the Clean Air Act citizen suits as well. *Marek*, 473 U.S. at 11.

**II. The Application of Rule 68 in the Context of the Clean Air Act Does Not Undermine Congressional Intent to Make State Implementation Plans Enforceable**

Ignoring the plain language of Rule 68, Plaintiffs first argue that the Court should declare Defendants' Rule 68 offer null and void because it might obstruct their ability to bring citizen suits challenging State Implementation Plans (SIPs) in the future, thereby frustrating Congressional intent that SIPs be "enforceable." Plaintiffs' Memo. at pp. 4–8. As cited above,

3

the Supreme Court expressly rejected this logic in *Marek*, where it held that "subjecting civil rights plaintiffs to the settlement provision of Rule 68 does not curtail their access to the courts, or significantly deter them from bringing suit." *Marek*, 473 U.S. at 10.  Instead, the Supreme Court explained that Rule 68 merely "require[s] plaintiffs to 'think very hard' about whether continued litigation is worthwhile." *Id.* at 11.  And since such reflection is consistent with § 1988's limitation that a court award only "reasonable" attorney fees, the Supreme Court concluded that Rule 68 does not "frustrate Congress' objective in § 1988 of ensuring that civil rights plaintiffs obtain 'effective access to the judicial process.'" *Id.* at 10–11 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983)).  Like § 1988, the Clean Air Act's citizen suit provision also limits attorney fee awards to those fees that are "reasonable."  42 U.S.C. § 7604, subd. (d). Accordingly, the Supreme Court's analysis in *Marek* directly undermines Plaintiffs' argument that applying Rule 68 might obstruct their ability to bring meritorious litigation in the future.

      Plaintiffs attempt to distinguish *Marek* on the grounds that the plaintiffs in that case sought monetary damages, whereas they only seek injunctive and declaratory relief here. Plaintiffs' Memo. at p. 6.  However, such a dichotomy has been repeatedly rejected by multiple Courts of Appeals as having no basis.  *See, e.g.*, *Interfaith Cmty. Org.*, 726 F.3d at 410–11 (noting such a dichotomy "miss[es] the point of the Court's analysis in *Marek*"); *NAACP v. Town of East Haven,* 259 F.3d 113, 121 n. 9 (2d Cir. 2001) ("[N]othing in the Rule suggests that it applies only to cases seeking damages or other relief amenable to simple comparisons."); *Chathas v. Local 134 Int'l Bhd. of Elec. Workers,* 233 F.3d 508, 511 (7th Cir. 2000) ("Rule 68 offers are much more common in money cases than in equity cases, but nothing in the rule forbids its use in the latter type of case.")  Furthermore, the Supreme Court has previously explained that the standards it set forth concerning § 1988 "are generally applicable in all cases in which Congress has authorized an award of fees to a prevailing party," *Hensley*, 461 U.S. at 433 n.7, and that citizen suits brought under Clean Air Act should be interpreted "in the same manner" as those brought under § 1988.  *Del. Valley Citizens' Council for Clean Air,* 478 U.S. at 560.  Finally, it should be noted that the dissent in *Marek* specifically identified the Clean Air Act and Clean Air Act Amendments of 1977 as statutes subject to the majority's "plain language" approach, and the

majority did not correct the assertion. *Marek*, 473 U.S. at 43–47 (Brennan, J., dissenting).

The Third Circuit has also rejected a similar claim that the application of Rule 68 improperly obstructs a plaintiff's ability to bring citizen suits under the Resource Conservation and Recovery Act (RCRA) – a fellow environmental statute. *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 726 F.3d 403 (3d Cir. 2013). Relying on *Marek*, the Third Circuit explained that while Rule 68 may ultimately cause a plaintiff to have to cover its own post-offer fees if it rejects a Rule 68 offer and does not do better at trial, this does not abridge the plaintiff's substantive rights because such fees are by their very nature "unreasonable." *Id.* at 409–11; *see Marek*, 473 U.S. at 11 ("In a case where a rejected settlement offer exceeds the ultimate recovery, the plaintiff—although technically the prevailing party—has not received any monetary benefits from the postoffer services of his attorney."); *McKelvey v. Sec'y of U.S. Army*, 768 F.3d 491, 495 (6th Cir. 2014) (holding similarly). The Third Circuit therefore concluded that Rule 68 was not inappropriate in the context of RCRA. *Interfaith Cmty. Org.*, 726 F.3d at 412. "The fee shifting provision of [RCRA] encourages plaintiffs to bring meritorious suits to enforce environmental laws, while Rule 68 encourages settlement of civil suits. 'There is nothing incompatible with these two objectives.'" *Id.* (internal citations omitted).[2]

Rather than presenting the Court with the Supreme Court's analysis in *Marek* or the Third Circuit's analysis in *Interfaith Cmty. Org.*, Plaintiffs choose instead to highlight two trial court decisions from the Eastern District of North Carolina and District of Arizona, respectively. Plaintiffs' Memo. at p. 7. And while neither case has been explicitly abrogated yet, the analysis and case law they rely upon has been. Specifically, in *N. Carolina Shellfish Growers Ass'n v. Holly Ridge Assocs., LLC*, 278 F. Supp. 2d 654, 666–68 (E.D.N.C. 2003), the court based its conclusion that Rule 68 is inappropriate in the context of Clean Water Act (CWA) citizen suits on

---

[2] Plaintiffs attempt to distinguish *Interfaith Cmty. Org* on the grounds that it was decided "during a post-judgment motion for costs and attorney's fees, not during the merits phase of the citizen suit." Plaintiffs' Memo. at p. 2 n. 1. This argument is unfounded since the Third Circuit made two distinct findings in *Interfaith Cmty. Org* regarding the applicability of Rule 68: first, that "nothing in the text of Rule 68 suggests that such an exemption [for RCRA citizen suits] is warranted," 726 F.3d at 408–12; and second, that "Rule 68 offers of judgment apply to disputes over attorney fees after liability has been determined." *Id.* at 412–13. It is the Third Circuit's first finding – which is irrespective of the case's posture – that is directly relevant to this Court's analysis.

5

two cases it "agree[d] with the reasoning of": *Public Interest Research Group, Inc. v. Struthers–Dunn, Inc.*, No. 87-CV-1773, 1988 WL 147639 (D.N.J. Aug. 16, 1988) (finding that Rule 68 violated Rules Enabling Act when applied to CWA citizen suits); and *Friends of the Earth, Inc. v. Chevron Chem. Co.,* 885 F. Supp. 934 (E.D.Tex. 1995) (finding that a parallel local rule was inapplicable to CWA citizen suits). Both of these cases have since been abrogated by the relevant Courts of Appeals. *See Interfaith Cmty. Org.*, 726 F.3d at 410–11 n. 4 (abrogating *Public Interest Research Group, Inc.)*; *Ashland Chem. Inc. v. Barco Inc.*, 123 F.3d 261, 266–68 (5th Cir. 1997) (abrogating *Friends of the Earth*). Similarly, in *Don't Waste Arizona Inc. v. Hickman's Egg Ranch Inc.*, No. CV-16-03319, 2019 WL 955223, at *2 (D. Ariz. Feb. 27, 2019), also cited by Plaintiffs, the court based its decision on the analysis in *Friends of the Earth* and *N. Carolina Shellfish Growers Ass'n*., which as noted above, have either been expressly abrogated or may well be soon. It is highly misleading for Plaintiffs to cite these two out-of-district trial court cases without providing the appropriate context.

Surprisingly, Plaintiffs also take a page directly out of the *Public Interest Research Group, Inc.* playbook by arguing that applying Rule 68 would violate the Rules Enabling Act's provision that such rules "not abridge, enlarge or modify any substantive right." Plaintiffs' Memo. at p. 8 (citing 28 U.S.C. § 2072, subd. (b)). As noted above, this exact argument was rejected in *Interfaith Cmty. Org.* on the grounds that the consistent application of a procedural tool to facilitate settlement does not affect a plaintiff's substantive rights. 726 F.3d at 409–10 (applying guidance from *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393 (2010)). As the Third Circuit explained, "[s]ettlement offers often present difficult choices for a plaintiff, but that fact neither abridges nor modifies the substantive rights at issue. Speculation as to the potential 'chilling' effect of allowing Rule 68 offers of judgment in citizen suits under RCRA, advanced in [*Public Interest Research Group, Inc.*] and embraced by the District Court in this case, is simply irrelevant to the pertinent inquiry: whether the rules of decision are altered by the offer of judgment." *Id.* at 410. Therefore, the Third Circuit concluded that applying Rule 68 in the context of RCRA citizen suits does not violate the Rules Enabling Act. *Id.* at 412. The same analysis applies here.

### III. Plaintiffs' Argument for a Partial Declaration as to Defendants' Ability to Recover Fees is Unripe

Plaintiffs next argue that even if the Court chooses not to declare Defendants' entire Rule 68 offer null and void, it should partially declare that Defendants are not entitled to recover their fees under Rule 68 because Plaintiffs' claim is not "frivolous, unreasonable, or groundless." Plaintiffs' Memo. at pp. 8–11.  Such an argument is unripe and ultimately unnecessary for the Court to decide because Defendants have never indicated they intend to seek to recover their fees in this litigation, and believe the case law interpreting Rule 68 in this context is clear that they would not be entitled to do so.  Indeed, the Ninth Circuit has specifically held that a Clean Air Act defendant may not recover its fees under Rule 68 when the plaintiff recovers less than the offer-of-judgment, but the underlying action is not unreasonable. *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859–60 (9th Cir. 1996) ("The only interpretation that gives meaning to every word in both Rule 68 and the Clean Air Act is that 'costs' in Rule 68 include attorneys' fees only if the action was unreasonable."); *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1030–31 (9th Cir. 2003) ("Today we join the First and Seventh Circuits in holding that Rule 68 'costs' do not include a non-prevailing defendant's post-offer attorneys' fees when the underlying statute awards attorneys' fees to a prevailing party."); *see also Interfaith Cmty. Org.*, 726 F.3d at 411 n. 4 (holding similarly); *Stanczyk v. City of New York*, 752 F.3d 273, 282 (2d Cir. 2014) (holding similarly).  Inherent in making a Rule 68 offer in the first place is the recognition that the plaintiff's claim is not unreasonable.  As such, Defendants did not make their Rule 68 offer here with any aim to subsequently seek their fees, but rather to incentivize settlement by limiting Plaintiffs' ability to recover any additional fees for what may ultimately be unnecessary litigation. *See Marek*, 473 U.S. at 10 ("Civil rights plaintiffs—*along with other plaintiffs*—who reject an offer more favorable than what is thereafter recovered at trial will not recover attorney's fees for services performed after the offer is rejected.") (emphasis added).

That said, Defendants' recognition that they will not be able to recover their fees in this litigation does not mean that the Court should grant the partial declaration requested by Plaintiffs. It is well established that "[t]he constitutional ripeness of a declaratory judgment action depends

7

upon 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *United States v. Braren*, 338 F.3d 971, 975 (9th Cir. 2003).  Here, there is no requisite controversy because Defendants have never indicated they intend to seek to recover their fees in this litigation, and the controlling case law is clear that they would not be able to do so.  Accordingly, the Court does not have jurisdiction to make the advisory declaration requested by Plaintiffs.

### IV. The Court Should Not Quash Service of Defendants' Rule 68 Offer

Finally, Plaintiffs argue that the Court should quash service of Defendants' Rule 68 offer because Defendants served the offer by email, and Plaintiffs had not previously consented in writing to receive electronic service.  Plaintiffs' Memo. at pp. 11–12.  This claim is supported by neither the facts nor the law.

Defendants do not contest that a Rule 68 offer must be served on the opposing party, or that Rule 5 governs how such service should be properly made.  Indeed, Rule 5, subd. (b)(2)(E), specifically allows for electronic service, such as by email, when the receiving party has consented in writing.  This Court's Local Rule 135, subd. (g)(1), supplements Rule 5 by clarifying that registering as an e-filing user – which specifically requires identification of a valid email address – constitutes such "consent to receive service electronically pursuant to Fed. R. Civ. P. 5(b)(2)(E) . . . and waiver of the right to receive service by any other means." Plaintiffs' counsel readily acknowledges that he registered for this Court's e-filing system "[i]n 2005 or 2006." Plaintiffs' Memo. at p. 11 n. 6.  Therefore, contrary to Plaintiffs' assertion, Plaintiffs properly consented to electronic service pursuant to Local Rule 135.

Interpreting such consent to encompass service by email is supported by case law.  For example, in *E. & J. Gallo Winery v. Gibson, Dunn & Crutcher LLP*, the Ninth Circuit reviewed this Court's imposition of sanctions against the defendants' counsel for, among other things, "rais[ing] issues of dubious merit" regarding the alleged impropriety of email service without explicit consent.  432 F. App'x 657, 658–59 (9th Cir. 2011); *see E. & J. Gallo Winery v. Encana Energy Servs., Inc.*, No. CV-F-03-5412, 2005 WL 6408198, at *37–38 (E.D. Cal. July 5, 2005)

(providing context of case). In ultimately upholding the sanctions, the Ninth Circuit interpreted Local Rule 135(g)(1) as "explain[ing] that registration with the CM/ECF system, except where an attorney has opted out, constitutes 'consent to receive service electronically and waiver of the right to receive service by first class mail pursuant to Fed. R. Civ. P. Rule 5(b)(2)(D).'" *Gibson, Dunn & Crutcher LLP*, 432 F. App'x at 659. Therefore, even though there was no other written agreement for email service (*see Encana Energy Servs., Inc.*, 2005 WL 6408198, at *37), the Ninth Circuit concluded that the email service "was proper under the local rules." *Gibson, Dunn & Crutcher LLP*, 432 F. App'x at 659.

Similarly, in *Greenly v. Lee*, No. S-06-1775, 2008 WL 298822, at *1 (E.D. Cal. Feb. 1, 2008), cited in Plaintiffs' Memorandum at p. 12, the plaintiff argued that the defendants had improperly served discovery responses by e-mail without previous written consent. This Court rejected that claim on the grounds that Local Rule 135 requires "attorneys practicing in the Eastern District to accept service by electronic means, unless they expressly opt out." *Id.* Therefore, this Court concluded that "a reasonable reading of Local Rule 5-135(g) contemplates service of discovery responses via electronic means." *Id.* And while it is true that both *Gibson, Dunn & Crutcher LLP* and *Greenly* concerned service of discovery documents as opposed to Rule 68 offers, it is important to note that both Rule 5, subd. (a)(1)(C, E), and Local Rule 135, subd. (g)(1), treat these two types of documents identically.[3]

Furthermore, even if this Court ultimately disagrees with the case law cited above and finds that registering to e-file with this Court does not constitute adequate consent to receive

---

[3] Like *Greenly*, the other case cited by Plaintiffs fails to support their argument that a party that has consented to electronic service via CM/ECF must separately consent to electronic service of papers not filed on CM/ECF. *See* Plaintiffs' Memorandum at p. 12. In *Johnson v. Shaffer*, No. 12-CV-1059, 2013 WL 5934156, at *4 (E.D. Cal. Nov. 1, 2013), the plaintiff served the defendants with a set of discovery requests "via electronic mail." The defendants argued that because "they never consented to electronic service of discovery documents within the meaning of Fed. R. Civ. P. 5(b)(2)(E)," the documents had not been properly served, while the plaintiff argued that the defendants' "registration as CM/ECF filers constitutes such consent pursuant to Local Rule 135(g)(1)." *Id.* The court declined to resolve the ambiguity because it found that the dispute reflected "a larger problem regarding the management and scheduling of this case," namely that the case was improperly proceeding on "abbreviated discovery and dispositive motion deadlines." *Id.* at *5.

9

email service, it would still be inappropriate to quash service of Defendants' Rule 68 offer here. The Ninth Circuit considered a remarkably similar situation in *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1429–31 (9th Cir. 1996), where the issue was whether service of a Rule 68 offer by Federal Express constituted adequate service under Rule 5, subd. (b). And while the Ninth Circuit ultimately determined that service by Federal Express was not appropriate, its analysis for making this determination is helpful here. In particular, when considering whether it was sufficient that the recipient had "actual notice" of the offer, the Ninth Circuit applied a test found in *Salley v. Bd. of Governors, Univ. of N.C.*, 136 F.R.D. 417, 420 (M.D.N.C. 1991), which held that "a party must advance some other compelling circumstance, in addition to actual notice in order to have the Court excuse noncompliance with Rule 5(b)." *Magnuson*, 85 F.3d at 1431. For example, the *Salley* court concluded that a compelling circumstance existed for invalid service by fax where the defendants "had permitted plaintiff to serve her discovery requests through fax transmissions on prior occasions without objection," and therefore "waived their right to insist on compliance with Fed. R. Civ. P. 5(b)." *Salley*, 136 F.R.D. at 420–21.

By adopting the *Salley* test, the Ninth Circuit effectively implemented a framework wherein invalid service is excusable if: (1) the receiving party had "actual notice" of the document served; and (2) the serving party can show a "compelling circumstance" for the invalid service. Both prongs are met here.

The first prong of the *Salley* test is met because Plaintiffs had actual notice of Defendants' Rule 68 offer. In fact, as noted above, Plaintiffs' counsel confirmed receipt of the offer just hours after it was sent. Decl. of Corey Moffat, ¶ 3 ; *see Gibson, Dunn & Crutcher LLP*, 432 F. App'x at 659 (noting that it was "undisputed" that recipient had "actual notice of the deposition" in determining that e-mail service of deposition notice had been proper).

The second prong of the *Salley* test is also met because there was a "compelling circumstance" for service of Defendants' Rule 68 offer by email. First, as demonstrated above, Defendants had a reasonable belief that Plaintiffs had consented to electronic service through their counsel's registration to e-file with this Court. As the cited case law shows, Local Rule 135 at least implies that where a party has consented to electronic service by registering for e-filing, it

10

need not separately consent to electronic service for documents not e-filed.  Second, Plaintiffs implicitly confirmed this belief through their regular emailing of settlement communications leading up to Defendants' Rule 68 offer.  Decl. of Corey Moffat, ¶ 4.  Just as in *Salley* where the court deemed that "defendants, through their prior conduct, implicitly agreed to service through fax transmission," 136 F.R.D. at 421, Plaintiffs here implicitly agreed to e-mail service of settlement offers through their regular participation in such communications.  *See Greenly*, 2008 WL 298822, at *1 (finding that the plaintiff's objection to e-mail service was "undermined" by their "own service of discovery responses by electronic means").  Together, these two bases combine to demonstrate a "compelling circumstance" that excuses any potential fault in service of Defendants' Rule 68 offer by email.[4]

## CONCLUSION

For the foregoing reasons, State Defendants respectfully request the Court reject Plaintiffs' Rule 68 Motion in its entirety.

Dated:  February 8, 2023                                  Respectfully submitted,

                                                          ROB BONTA
                                                          Attorney General of California
                                                          MYUNG J. PARK
                                                          Supervising Deputy Attorney General

                                                          _____
                                                          COREY M. MOFFAT
                                                          Deputy Attorney General
                                                          *Attorneys for State Defendants*

---

[4] In the event the Court does quash service of Defendants' Rule 68 offer, Defendants intend to serve the offer again, at which time Plaintiffs will presumably move again to declare the offer null and void.  Accordingly, quashing service of Plaintiffs offer would have the effect of merely delaying resolution of Plaintiffs' motion on its merits, which Plaintiffs have previously opposed as counter to their interests.  *See* Opp'n to Ex Parte Application for Extension of Time (Dkt. No. 24).

# CERTIFICATE OF SERVICE

| | | |
|---|---|---|
| Case Name: | **Central California Environmental Justice Network, et al. v. Liane Randolph, et al.** | No.  **2:22-CV-01714** |

I hereby certify that on <u>February 8, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION RE DEFENDANTS' OFFER OF JUDGMENT**

**DECLARATION OF COREY M. MOFFAT IN SUPPORT OF STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION RE DEFENDANTS' OFFER OF JUDGMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>February 8, 2023</u>, at San Francisco, California.

| | |
|---|---|
| Corey Moffat | /s/ Corey Moffat |
| Declarant | Signature |

SF2022401915