BRENT J. NEWELL (State Bar No. 210312)
LAW OFFICES OF BRENT J. NEWELL
245 Kentucky Street, Suite A4
Petaluma, CA 94952
Tel: (661) 586-3724
brentjnewell@outlook.com

Attorney for Plaintiffs
Central California Environmental
Justice Network, Committee for a Better Arvin,
Medical Advocates for Healthy Air, and
Healthy Environment for All Lives

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| CENTRAL CALIFORNIA ENVIRONMENTAL JUSTICE NETWORK, a nonprofit corporation, COMMITTEE FOR A BETTER ARVIN, a nonprofit corporation, MEDICAL ADVOCATES FOR HEALTHY AIR, a nonprofit corporation, and HEALTHY ENVIRONMENT FOR ALL LIVES, an unincorporated association,<br><br>    Plaintiffs,<br><br>    v.<br><br>LIANE RANDOLPH, in her official capacity as Chair of the Air Resources Board, STEVEN CLIFF, in his official capacity as Executive Officer of the Air Resources Board, SANDRA BERG, JOHN EISENHUT, DANIEL SPERLING, JOHN BALMES, DIANE TAKVORIAN, DEAN FLOREZ, HECTOR DE LA TORRE, DAVINA HURT, BARBARA RIORDAN, PHIL SERNA, NORA VARGAS, TANIA PACHECO-WERNER, and GIDEON KRACOV, in their official capacities as Board Members of the Air Resources Board, CONNIE LEYVA and EDUARDO GARCIA, in their official capacities as *Ex Officio* Board Members of the Air Resources Board, SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT, and the GOVERNING BOARD OF THE SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT,<br><br>    Defendants. | Case No. 2:22-cv-01714-TLN-CKD<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR DECLARATION THAT DEFENDANTS' OFFER OF JUDGMENT IS NULL AND VOID OR, IN THE ALTERNATIVE, MOTION TO QUASH SERVICE OF OFFER OF JUDGMENT** |

## INTRODUCTION

This Court should not accept Defendants' invitation to apply Rule 68, for the first time, to the merits phase of an environmental citizen suit. Declining to argue how Rule 68 here would operate consistently with congressional intent and enforcement of the State Implementation Plan, Defendants instead argue that Rule 68 applies to the Clean Air Act because it applies to the Civil Rights Act. Defendants also rely heavily on a Third Circuit decision that applied Rule 68 to a post-judgment attorney's fees dispute following a successful environmental citizen suit. But Plaintiffs Central California Environmental Justice Network, *et al.* (collectively "Valley EJ Organizations") stand in stark contrast to a party seeking damages for a Civil Rights Act violation or filing a motion for attorney's fees. No court has applied Rule 68 to the merits of an environmental citizen suit precisely because such coercion conflicts with congressional intent and the enforcement of public rights. This Court should allow Valley EJ Organizations to hold Defendants accountable to their commitment in the State Implementation Plan and should not accept Defendants' argument that would disempower the citizen suit plaintiffs Congress sought to empower. This Court should grant the motion and declare the offer of judgment null and void.

## ARGUMENT

**I.     Rule 68 Conflicts with Congressional Intent and State Implementation Plan Enforcement.**

   A.   The Supreme Court's holding and rationale in *Marek v. Chesney* should not extend to the Clean Air Act.

Rule 68 conflicts with the Clean Air Act when citizen suit plaintiffs enforce the State Implementation Plan to secure the public right to healthy air quality. Defendants join the holdings of *Marek v. Chesney*, 473 U.S. 1 (1985), and *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986), to incorrectly contend that Rule 68 applies to the Clean Air Act because Rule 68 applies to the Civil Rights Act. *See* State Defendants' Opposition to Plaintiffs' Motion re Defendants' Offer of Judgment at 2:28 to 3:22 (Dkt. No. 27) (hereafter "Opp."). Valley EJ Organizations agree that *Delaware Valley* found that courts should interpret the fee shifting provision in section 304(d) of the Clean Air Act, 42 U.S.C. § 7604(d), in the same manner as the Civil Rights Act. *Delaware Valley*, 478 U.S. at 560. However, Defendants' simplistic argument obscures the major differences between the two

1  statutory schemes and overemphasizes the shared fee-shifting "whenever appropriate" standard for
2  determining reasonable attorney's fees. Considering those differences, this Court should declare the
3  offer of judgment here null and void because it would conflict with congressional intent and
4  enforcement of the State Implementation Plan.

5  In *Marek*, the Supreme Court decided whether Rule 68 operated consistently with the attorney's
6  fees provision of the Civil Rights Act, 42 U.S.C. § 1988. *Marek*, 473 U.S. at 10-11. Focusing on the
7  direct financial benefits and burdens to Civil Rights Act plaintiffs, the Court held that Rule 68 did not
8  frustrate congressional intent or the policies underlying civil rights enforcement. *Marek*, 473 U.S. at 10.
9  "Subjecting civil rights plaintiffs to the settlement provision of Rule 68 does not curtail their access to
10 the courts, or significantly deter them from bringing suit." *Marek*, 476 U.S. at 10. In reaching its
11 holding, the Court found that Rule 68 could actually benefit civil rights plaintiffs.

> Some plaintiffs will receive *compensation* in settlement where, on trial, they might not have recovered, or would have recovered less than what was offered. And, even for those who would prevail at trial, settlement will provide them with *compensation* at an earlier date without the burdens, stress, and time of litigation. In short, settlements rather than litigation will serve the interests of plaintiffs as well as defendants.

16 *Id*. (emphasis added). The Court also found that "shifting postoffer costs" to a plaintiff does not thwart
17 congressional intent when a Civil Rights Act plaintiff would not receive "any *monetary* benefits from
18 the postoffer services of his attorney" after rejecting an offer of judgment that "exceeds the ultimate
19 recovery." *Id*. at 11 (emphasis added). The Court concluded by noting, under the circumstances in
20 *Marek*, that Rule 68 would not conflict with Congress's intent to promote civil rights enforcement when
21 reasonable attorney's fees turn on the degree of success achieved and Alfred Chesney lacked success
22 when the monetary recovery at trial failed to meet the offer of judgment he rejected. *Id*.

23 Defendants rely on an inappropriate, automatic extension of *Marek* to the Clean Air Act context
24 without addressing whether Rule 68 conflicts with the underlying policy of the Clean Air Act or the
25 enforceability of the State Implementation Plan. Opp. at 3:3-22; 4:1-12. Congress wanted to promote
26 citizen enforcement of the State Implementation Plan and designed the Clean Air Act's enforcement
27 scheme to hold states accountable to their commitments in the SIP. *See* Plaintiffs' Memorandum of
28 Points and Authorities in Support of Motion for Declaration that Defendants' Offer of Judgment is Null

1  and Void or, in the Alternative, Motion to Quash Service of Offer of Judgment at 4:16 to 6:3 (Dkt. No.
2  20-1) (hereafter "Opening Br."). Defendants do not argue that Rule 68 operates consistently here given
3  the uncontested effects the offer of judgment has on Valley EJ Organizations. Nor do Defendants
4  explain how the offer of judgment could benefit Valley EJ Organizations when the parties are disputing
5  the substantive relief sought in this action. Nothing in *Marek* or *Delaware Valley* would suggest that
6  Rule 68 operates consistently with the Clean Air Act's statutory scheme when citizen suit plaintiffs
7  cannot obtain damages and instead act as private attorneys general enforcing the State Implementation
8  Plan.

9        The consistency the Court found in *Marek* simply does not exist in the Clean Air Act context.
10  The purpose of the citizen-suit provision was "specifically to encourage 'citizen participation in the
11  enforcement of the standards and regulations established under this Act.'" *Delaware Valley*, 478 U.S. at
12  560 (quoting S.Rep. No. 91-1196, p. 36 (1970)). And Congress unequivocally expressed its intent to
13  prioritize and fully empower citizens to enforce the State Implementation Plan against state officials like
14  the Defendants here "to the fullest extent permitted by the Eleventh Amendment to the Constitution." 42
15  U.S.C. § 7604(a). While the plain meaning of the Clean Air Act's citizen suit provision does not
16  expressly exempt citizen enforcement from Rule 68, the rule directly conflicts with the underlying
17  policy and State Implementation Plan enforcement scheme. Thus, Rule 68 should not override
18  Congressional intent and disempower the public from enforcing public rights to hold powerful states like
19  California accountable. *See Aleyeska Pipeline Service Co. v. Wilderness* Society, 421 U.S. 240, 262 ("it
20  is apparent that the circumstances under which attorney's fees are to be awarded and the range of
21  discretion of the courts in making those determinations are matters for Congress to determine.").
22  Defendants cannot and do not justify the policy outcome they seek. Thus, this Court should declare the
23  offer of judgment null and void because Rule 68 conflicts with congressional intent and the enforcement
24  of the State Implementation Plan.

25        Defendants, unable to establish any consistency between Rule 68 and the Clean Air Act, resort to
26  reframing the issue as whether Rule 68 applies to cases seeking injunctive relief. Opp. at 4:13-22 (citing
27  *Interfaith Community Organization v. Honeywell International, Inc.*, 726 F.3d 403, 410-411 (3d Cir.
28  2013); *NAACP v. Town of East Haven*, 259 F.32d 113, 121 n.9 (2d Cir. 2001); *Chathas v. Local 134*

*Int'l Bhd. of Elec. Workers*, 233 F.3d 508, 511 (7th Cir. 2000)). None of the three decisions on which Defendants rely considered the propriety of Rule 68 with injunctive relief during the merits phase of litigation. *Interfaith*, 726 F.3d at 409 (applying Rule 68 during post-judgment attorney's fees litigation following a successful environmental citizen suit); *Town of Easthaven*, 259 F.3d at 121 n.9 (discussing Rule 68 during a post-judgment attorney's fees dispute when no offer of judgment had even been made); *Chathas*, 233 F.3d at 511 (discussing Rule 68 and injunctive relief in *dicta*). Thus, just because Rule 68 can apply in cases involving injunctive relief does not mean Rule 68 applies here.

The Court should grant the Motion and declare the offer of judgment null and void because it conflicts with congressional intent and enforcement of the State Implementation Plan.

        B.     Application of Rule 68 to a post-judgment attorney's fees motion should not justify the offer judgment in this citizen suit.

Defendants cannot identify authority applying a Rule 68 offer of judgment in the Clean Air Act context or during the merits phase of any other environmental citizen suit. Instead, Defendants rely on the inapt decision in *Interfaith*. Opp. at 5:2 to 6:28. *Interfaith* limited its holding to disputes over attorney's fees and its analysis, divorced from the coercive effect of offers of judgment made during the merits phase of an environmental citizen suit, has no relevance to whether Rule 68 should apply here.

During post-judgment attorney's fees litigation following a successful environmental citizen suit, the Third Circuit held that Rule 68 operated consistently with the Resource Conservation and Recovery Act's fees shifting provision. *Interfaith*, 726 F.3d at 411-412. The court's analysis of compatibility turned on the actual dispute among the parties – the amount of money the defendants must pay the plaintiff's attorneys. *Id*. at 409. "At best, the only impact that Rule 68 has on the ultimate outcome of the attorney's fees dispute is to require Appellees to bear their post-offer costs, including counsel fees, if the [attorney's] fee award is less favorable than the offer of judgment." *Id*. The Third Circuit found that the potential chilling effect of allowing Rule 68 offers of judgment "had nothing at all to do with the determination of the appropriate hourly rate and the reasonableness of the hours expended before the offer of judgment was made." *Id*. at 410. Because Rule 68 "is consistent with the fee shifting provision of RCRA, we conclude that Rule 68 offers of judgment apply to disputes over attorney fees after liability has been determined." *Interfaith*, 726 F.3d at 413. Defendants ultimately concede, as they must,

that *Interfaith* limited its holding to the attorney's fees context. Opp. at 5 n.2 (citing *Interfaith*, 726 F.3d at 412-413). *Interfaith* is thus inapposite when the uncontested issue here is whether Rule 68 interferes with congressional intent and enforcement of the State Implementation Plan when Defendants made the offer of judgment during litigation on the merits.

For the same reasons, Rule 68 abridges Valley EJ Organizations' substantive rights and violates the Rules Enabling Act. Opening Br. at 8:5-13. Defendants rely solely on *Interfaith* to contend that the offer of judgment does not affect Valley EJ Organizations substantive rights. Opp. Br. at 6:14-28. The Third Circuit, however, held that "application of Rule 68 in the specific context of this case does not violate the Rules Enabling Act" when the amount of fees would remain governed by the same rules of decision. *Interfaith*, 726 F.3d at 409. The Third Circuit did not, as argued by Defendants, inoculate Rule 68 from the Rules Enabling Act with respect to either the substantive provisions of the Resource Conservation and Recovery Act or any other environmental citizen suit. The Third Circuit narrowly considered the attorney's fees inquiry when that court carefully explained that Rule 68 "in the specific context of this case does not violate the Rules Enabling Act." *Id*. Again, *Interfaith* is inapposite and does not support Defendants' attempted use of an offer of judgment to erode Valley EJ Organizations' ability to protect their interest and the public interest in healthy air quality.

Nor should *Interfaith* undermine the persuasive authority in *North Carolina Shellfish Growers Ass'n v. Holly Ridge Assoc., LLC*, 278 F.Supp.2d 654 (E.D.N.C. 2003) or *Don't Waste Arizona, Inc. v. Hickman's Egg Ranch, Inc.*, 2019 WL 955223 (D. Ariz. Feb. 27, 2019). As Valley EJ Organizations set forth in their Opening Brief, the district courts in *Shellfish Growers* and *Don't Waste Arizona* rejected Rule 68 applicability given its inconsistency with congressional intent and citizen enforcement. Opening Br. at 7:1-22. Moreover, the district court in *Don't Waste Arizona* distinguished *Interfaith* on the grounds that it "did not involve a pre-judgment offer of settlement" when defendant Hickman's Egg Ranch served the offer of judgment during the merits phase of the case. *Don't Waste Arizona*, 2019 WL 955223 at *1, *2 n.1. The district court in *Shellfish Growers* likewise decided whether Rule 68 applied when the defendants served an offer of judgment prior to the parties' motions for summary judgment. *Shellfish Growers*, 278 F.Supp.2d at 662, 666. The holdings of both district courts should apply here because Defendants attempted to invoke Rule 68 to coerce settlement shortly after Valley EJ

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR DECLARATION RE OFFER OF JUDGMENT
CASE NO. 2:22-CV-01714-TLN-CKD                                                                                      5

Organizations filed their Motion for Summary Judgment.

## II. Defendants have no Entitlement to Costs and Attorney's Fees.

Defendants assert a lack of justiciability should preclude the Court from deciding whether the offer of judgment is null and void in part when the Clean Air Act authorizes costs, including attorney's fees, under the "whenever appropriate" standard. Opp. at 7-8. Defendants concede they have no entitlement to costs and attorney's fees and state they "did not make their Rule 68 offer here with any aim to subsequently seek their fees." Opp. at 7. Because the validity of the offer of judgment remains a significant controversy between the parties, this issue presents a justiciable controversy which the Court should decide. However, in the interest of judicial economy, Valley EJ Organizations respectfully request that the Court note Defendants' concessions if the Court decides the issue is not justiciable.

## III. In the Alternative, the Court should Quash Service of the Offer of Judgment.

In the alternative, Valley EJ Organizations respectfully move to quash service if the Court denies the motion to declare the offer of judgment null and void. Opening Br. at 2:21-23, 11:18 to 12:26; Notice of Motion and Motion (Dkt. No. 20).[1] Opposing this alternative relief, Defendants contend that the emailed offer of judgment constituted effective service, pursuant to Local Rule 135(g)(1), even though no Notice of Electronic Filing accompanied the offer of judgment and no parties consented in writing to electronic service. Opp. Br. at 8:9 to 11:10.

As Valley EJ Organizations noted in their Opening Brief, Local Rule 135(g) lacks clarity, but unambiguously makes service effective upon issuance of the Notice of Electronic Filing. Defendants rely on several decisions to argue that they appropriately served the offer of judgment by electronic means. Unlike the sanctioned counsel and defendants in *E. & J. Gallo Winery v. Gibson, Dunn & Crutcher, LLP*, Valley EJ Organizations objected to service and filed this motion seeking relief. 432 F. App'x 657, 659 (9th Cir. 2011) (noting electronic service was appropriate and that defendants had

---

[1] Defendants state that if the Court quashes service, then that would merely defer resolution of the Rule 68 applicability issues. Opp. at 11 n.4. Defendants fail to recognize that Valley EJ Organizations alternatively moved to quash service of the offer of judgment. Thus, if the Court decides the alternative motion to quash service, then it would have already denied the motion to declare the offer of judgment null and void.

waived objections to such service). The district court discussed the service issue but ultimately concluded that the defendants had waived their objections.

> As discussed below, the effects of e-mail service and the reasonableness of defense counsel's understanding of the effects of CM/ECF registration is not this Court's focus. Defendants neither formally objected to Mr. Anderssen's February 17, 2005 deposition nor sought a protective order and such failure is commensurate to waiver of notice objections. Defendants fail to explain meaningfully why they did not pursue such action. The key issue is defense counsel's actions on February 16, 2005 to address Mr. Anderssen's deposition.

*E. & J. Gallo Winery v. Encana Energy Servs., Inc.*, 2005 WL 6408198 at *38 (E.D. Cal. July 5, 2005). Thus, the Ninth Circuit memorandum opinion affirming the district court in *Gallo Winery* should be properly read as affirming the sanctions order and not interpreting Local Rule 135(g)(1).

Defendants' reliance on *Greenly v. Lee*, 2008 WL 298822 (E.D. Cal. Feb. 1, 2008), overlooks the key facts the court considered when deciding that the defendants properly served discovery documents by electronic mail. In *Greenly*, the district court noted that the plaintiff's own service of discovery documents by electronic mail undermined the plaintiff's objection to receiving electronic service. *Greenly*, 2008 WL 298822 at *1 ("the court finds that a reasonable reading of Local Rule 5-135(g) contemplates service of discovery responses via electronic means, although the more prudent approach would be to also serve responses via U.S. mail."). Unlike *Gallo Winery* and *Greenly*, Valley EJ Organizations have objected here and have not engaged in conduct that would otherwise be construed as waiving an objection to service, such as serving Defendants by electronic mail. The opposite has occurred. Earlier in this proceeding, counsel for Valley EJ Organizations requested that Defendants consent to receive service by electronic mail, the parties did not reach an agreement, and counsel for Valley EJ Organizations then served the documents by U.S. mail. *See* Declaration of Brent Newell, ¶ 4 (Dkt. No. 20-7).

Defendants next claim compelling circumstances justify their failure to properly serve the offer of judgment. Opp. at 10:24 to 11:10. In *Magnuson v. Video Yesteryear*, the Ninth Circuit held that actual notice of a Rule 68 offer of judgment alone did not suffice, and that the defendants must "demonstrate exceptional good cause for failing to comply with Rule 5(b)." 85 F.3d 1424, 1431 (9th Cir. 1996) (holding service by Federal Express was not valid service of a Rule 68 offer of judgment). Defendants

fail to demonstrate "exceptional good cause" for two reasons.

First, Defendants' belief that Local Rule 135(g)(1) authorized service by electronic mail does not demonstrate exceptional good cause. The district court in *Greenly* described service by U.S. mail as "the more prudent approach." *Greenly*, 2008 WL 298822 at *1. And the district court in *Johnson v. Schaffer* noted the ambiguity of Local Rule 135(g)(1) as it pertains to service by electronic mail. 2013 WL 5934156 at *5 (E. D. Cal. Nov. 1, 2013).

Second, the parties use of electronic mail to convey settlement communications does not demonstrate exceptional good cause. This argument, if accepted, would swallow the exceptional good cause standard in *Magnuson* for instances involving electronic mail because virtually all litigants now regularly use electronic mail to communicate with opposing counsel. Defendants' reliance on *Salley v. Bd. of Governors, Univ. of N.C.*, 136 F.R.D. 417 (M.D.N.C. 1991) and *Greenly* likewise do not help Defendants here. In *Greenly*, the plaintiff's double standard undermined its objection to service by electronic mail. *Greenly*, 2008 WL 298822 at *1. In *Salley*, the district court found that the defendants waived their right to insist on compliance with FED. R. CIV. P. 5(b) when they failed to object to facsimile service on prior occasions. *Salley* 136 F.R.D. at 421. Because counsel for Valley EJ Organizations did not waive their objection by utilizing electronic mail to serve Defendants on prior occasions, and because Defendants offer no justification for not following the "more prudent" approach of serving the offer of judgment by U.S. mail, the Court should find that Defendants fail to demonstrate exceptional good cause.

## IV. Conclusion.

For the foregoing reasons, this Court should declare the Offer of Judgment null and void. In the alternative, this Court should quash Defendant's service of the Offer of Judgment.

Dated:  February 21, 2023                         Respectfully Submitted,


/s/ Brent J. Newell
Brent J. Newell
Attorney for Plaintiffs
Central California Environmental Justice Network, *et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on February 21, 2023, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

/s/ Brent Newell
Brent Newell