BRENT J. NEWELL (State Bar No. 210312)
LAW OFFICES OF BRENT J. NEWELL
245 Kentucky Street, Suite A4
Petaluma, CA 94952
Tel: (661) 586-3724
brentjnewell@outlook.com

Attorney for Plaintiffs
Central California Environmental
Justice Network, Committee for a Better Arvin,
Medical Advocates for Healthy Air, and
Healthy Environment for All Lives

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| CENTRAL CALIFORNIA ENVIRONMENTAL JUSTICE NETWORK, a nonprofit corporation, COMMITTEE FOR A BETTER ARVIN, a nonprofit corporation, MEDICAL ADVOCATES FOR HEALTHY AIR, a nonprofit corporation, and HEALTHY ENVIRONMENT FOR ALL LIVES, an unincorporated association,<br><br>    Plaintiffs,<br><br>  v.<br><br>LIANE RANDOLPH, in her official capacity as Chair of the Air Resources Board, STEVEN CLIFF, in his official capacity as Executive Officer of the Air Resources Board, SANDRA BERG, JOHN EISENHUT, DANIEL SPERLING, JOHN BALMES, DIANE TAKVORIAN, DEAN FLOREZ, HECTOR DE LA TORRE, DAVINA HURT, BARBARA RIORDAN, PHIL SERNA, NORA VARGAS, TANIA PACHECO-WERNER, and GIDEON KRACOV, in their official capacities as Board Members of the Air Resources Board, CONNIE LEYVA and EDUARDO GARCIA, in their official capacities as *Ex Officio* Board Members of the Air Resources Board, SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT, and the GOVERNING BOARD OF THE SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT,<br><br>    Defendants. | Case No. 2:22-cv-01714-TLN-CKD<br><br>**PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE REQUEST FOR JUDICIAL NOTICE AND ATTACHMENT** |

**I.      Introduction.**

The Court should deny State Defendants' Motion for Administrative Relief. Local Rule 233 authorizes motions for administrative relief to resolve issues such as changing case schedules, filing deadlines, and page limits. It does not authorize a party to request relief from Local Rule 230(m) and file additional memoranda, papers, or other materials – including a Request for Judicial Notice – in support or opposition to a civil motion.

The Court should also deny the Request for Judicial Notice because the Draft Guidance and the related federal register notice lack relevance and are thus inadmissible evidence pursuant to Rule 402 of the Federal Rules of Evidence. The Draft Guidance does not change the EPA-approved SIP and has no relevance here, as Footnote 1 of the Draft Guidance confirms.

**II.     Background.**

On November 28, 2022, Plaintiffs Central California Environmental Justice Network, *et al.* (collectively "Valley EJ Organizations") filed their Motion for Summary Judgment. (Dkt. No. 17).

On December 5, 2022 and January 25, 2023, this Court ordered the motion for summary judgment submitted without oral argument upon the filing of the reply brief. (Dkt. No. 19, 25).

On January 25, 2023, Valley EJ Organizations filed their reply brief. (Dkt. No. 26).

On March 17, 2023, EPA published notice of the "Draft Guidance on the Preparation of State Implementation Plan Provisions that Address the Nonattainment Area Contingency Measure Requirements for Ozone and Particulate Matter" (hereafter "Draft Guidance") on its website.[1]

On March 23, 2023, EPA published in the Federal Register a notice of availability and public comment period for the Draft Guidance. 88 Fed. Reg. 17571 (March 23, 2023).

On March 28, 2023, State Defendants filed their Motion for Administrative Relief for Leave to File Request for Judicial Notice and Attachment (Dkt. No. 30) and the Request for Judicial Notice in Support of State Defendants' Opposition to Summary Judgment (Dkt. No. 30-1).

---

[1] *See* DRAFT Contingency Measures Guidance, available at https://www.epa.gov/air-quality-implementation-plans/draft-contingency-measures-guidance (last visited March 31, 2023).

**III.     Argument.**

        A.     A Local Rule 233 motion for administrative relief does not apply to additional memoranda, papers or other materials in support of or opposition to a motion.

State Defendants improperly rely on Local Rule 233 to request the Court to take judicial notice of the Draft Guidance. Only upon Court approval after the reply may a party augment their support of, or opposition to, a civil motion. "After a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval" except an objection to reply evidence or a notice of supplemental authority. Local Rule 230(m).

The scope of administrative relief available pursuant to Local Rule 233 does not include motion-related memoranda, papers, or other materials. The rule lists examples of permissible motions, including "motions to exceed applicable page limitations; requests to shorten time on a motion; requests to extend a response deadline; requests to after a briefing schedule; or requests to alter a discovery schedule that does not affect dispositive motion filing dates, trial dates, or the final pre-trial conference." Local Rule 233(a). Local Rule 233 examples specify only ministerial motions to alter schedules, deadlines, and page limits. A substantive request for leave to file additional memoranda, papers, or other materials in support or opposition to a motion goes well beyond the administrative relief authorized by Local Rule 233. *See Warden v. Cowan*, No. 2:19-cv-00431-TLN-AC, 2023 WL 2480752 at *4 n.1 (E.D. Cal. March 13, 2023) (rejecting argument that Local Rule 233 authorized a motion to amend a complaint). The Court should thus deny the motion.

        B.     The Draft Guidance and federal register notice are not relevant evidence.

The Court should deny the Request for Judicial Notice because the Draft Guidance and related federal register notice are not relevant evidence. Any admissible evidence through a request for judicial notice must be relevant. FED. R. EVID. 402 ("Irrelevant evidence is not admissible"); *see also Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 976 (9th Cir. 2006) (holding that the district court did not abuse its discretion when it refused to take judicial notice of irrelevant facts in permit application)*; Flores v. Cnty. of Los Angeles*, 758 F.3d 1154, 1159 n.11 (9th Cir. 2014) (refusing to take judicial notice of alleged sexual assaults that occurred after the incidents in dispute).

The federal register notice announcing the Draft Guidance and the Draft Guidance itself, even if

it becomes a final agency guidance, have no relevance here. In support of their Motion for Summary Judgment, Valley EJ Organizations argued that the impending guidance should not justify any delay in a remedy when "the EPA-approved SIP here requires both RFP and attainment contingency measures to achieve the three percent reduction standard and CARB has not submitted a [State Implementation Plan] revision." *See* Plaintiffs' Reply in Support of Motion for Summary Judgment at 10:16-19 (citing to Section I.B of the Reply) (Dkt. No. 26). Valley EJ Organizations also argued that the EPA-approved commitment in the State Implementation Plan ("SIP") to adopt attainment contingency measures does not change unless and until EPA approves a SIP revision. *Id*. at 4:24 to 6:16. The guidance thus cannot alter the commitment in the SIP and thus lacks relevance here.

Footnote 1 of the Draft Guidance further cements its irrelevance. Footnote 1 states that, among other limitations, the guidance will have no legal effect, will not change or substitute for any law, regulation, or other legally binding requirement, will not affect the rights or obligations of any person, and will not represent final agency action.

> This document is intended only to provide clarity to the public regarding existing requirements under the CAA or EPA regulations. This document is not a rule or regulation, and the guidance it contains may not apply to a particular situation based upon the individual facts and circumstances. This guidance does not change or substitute for any law, regulation, or other legally binding requirement and is not legally enforceable. The use of nonmandatory language such as "guidance," "recommend," "may," "should," and "can" is intended to describe EPA's policies and recommendations. The use of mandatory terminology such as "must" and "required" is intended to describe controlling legal requirements under the terms of the CAA and of EPA regulations. Such language and anything else in this document is not intended to and does not establish legally binding requirements in and of itself. None of the recommendations in this guidance are binding or enforceable against any person, and neither any part of the guidance nor the guidance as a whole constitutes final agency action that affects the rights and obligations of any person or represents the consummation of agency decision making. Only final EPA actions taken to approve or disapprove state implementation plan (SIP) submissions that implement any of the recommendations in this guidance would be final actions for purposes of CAA section 307(b).

Exhibit A, Request for Judicial Notice at 8 n.1 (Dkt. No. 30-1).[2] Footnote 1 of the Draft Guidance confirms EPA's position that only EPA actions to approve or disapprove any states' submission of SIP

---

[2] The Draft Guidance version filed by State Defendants lacks page numbering, so Valley EJ Organizations cite to page 8 of 48 of Dkt. No. 30-1 as numbered by the CM/ECF header.

revisions which "implement any of the recommendations in this guidance" would constitute final agency action. *Id*.

The EPA-approved SIP commitment to develop, adopt, and submit attainment contingency measures at issue here does not change unless and until EPA approves a SIP revision. The Draft Guidance, even when finalized, will not change the EPA-approved SIP, will not change CARB's obligations under the EPA-approved SIP, and thus has no relevance here. The Court should deny the Request for Judicial Notice.

**IV.     Conclusion.**

For the foregoing reasons, the Court should deny the Motion for Administrative Relief and decline to take judicial notice of the Draft Guidance and the related federal register notice.

Dated:  April 3, 2023                    Respectfully Submitted,


/s/ Brent J. Newell
Brent J. Newell
Attorney for Plaintiffs
Central California Environmental Justice Network, *et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on April 3, 2023, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

/s/ Brent Newell
Brent Newell