UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL CALIFORNIA ENVIRONMENTAL JUSTICE NETWORK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LIANE RANDOLPH, in her official capacity as Chair of the Air Resources Board, et al.,<br><br>Defendants. | No. 2:22-cv-01714-DJC-CKD<br><br><u>ORDER DENYING MOTION FOR RECONSIDERATION OF ECF NO. 41</u> |

Plaintiffs previously moved for summary judgment, which the Court granted. Not satisfied with the relief granted, Plaintiffs filed a motion for reconsideration of the Order. For the reasons set forth below, the Court DENIES Plaintiffs' Motion for Reconsideration.

**LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a party may file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enterprises, Inc. v.*

*Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 6 James Wm. Moore, et al., *Moore's Federal Practice* § 54.78[1] (3d ed. 2000)).  The Ninth Circuit has held a motion for reconsideration is "usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016) (citations omitted).  The district court enjoys considerable discretion in granting or denying the motion for reconsideration.  *See id.* at 492 (citation omitted).

## ANALYSIS

The background leading up to the Motion for Reconsideration are set forth in the prior Order.  (*See* 7/21/2023 Order at 5–9 (ECF No. 41).)  In short, Plaintiffs argue that this Court must impose a substantive target on Defendant's outstanding contingency measures under the Clean Air Act.  (*See id.* at 16–19.)

As an initial matter, as Defendants point out, even assuming Plaintiffs' interpretation of footnote 36 is correct, that footnote formed a portion of this Court's reasoning, thus not making it "clear error" or a "manifest error of law" were the Court's interpretation incorrect.  (State Defs.' Opp'n to Reconsideration and Req. for Jud. Notice[1] (ECF No. 48) 1 [hereinafter Opposition or Opp'n].)  The discussion of footnote 36 was but one part of the Court's order, which was primarily based on the fact that Plaintiffs were "unable to point to language evincing a commitment to adopt contingency measures to achieve a three percent reduction." (7/21/2023 Order at 18.)  Plaintiffs are simply wrong when they claim that "[a]ll other indicia of EPA intent

---

[1] Where a fact is proper for judicial notice, the Federal Rules of Evidence require a court to take judicial notice if a party requests it and the court is supplied with the necessary information.  *See* Fed. R. Evid. 201(c)(2).  Defendants ask the Court to take judicial notice of two exhibits that contain: (1) the EPA's federal implementation plan for contingency measures for the San Joaquin Valley for particulate matter, the other major air pollutant category regulated by the Clean Air Act, and (2) a technical support document from the EPA for the attached federal implementation plan.  (*See* ECF No. 48-1 at 2.) Defendants provide the necessary citations to support their request, so the Court GRANTS Defendants' Request for Judicial Notice.  (*See id.*)

show that EPA interpreted the requirements of section 172(c)(9) to include, among others, reductions equivalent to 3 percent of the baseline inventory . . . ." (Pls.' Reply in Supp. of Mot. for Reconsideration (ECF No. 51) 2 [hereinafter Reply].) In its Order this Court held to the contrary, and at bottom, Plaintiffs simply disagree with this Court's decision. They have "failed to show an intervening change in the controlling law or newly discovered evidence" *Mothershed v. Elwell*, 235 Fed. Appx. 683, 683 (9th Cir. 2007) (mem.) (citing *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 2004), which is enough to deny the Motion.

Even on the merits, however, it is not clear that the Court's interpretation of this footnote was in error. The sentence to which footnote 36 was appended provides: " . . . we propose to approve CARB's enforceable commitment to submit, no later than 2020, additional contingency measures under CAA section 182(e)(5) that meet the requirements for attainment contingency measures in CAA section 172(c)(9) *in addition to* contingency measures to be implemented if the anticipated long-term measures approved pursuant to section 182(e)(5) do not achieve planned reductions." Approval of Air Quality Implementation Plans; California; San Joaquin Valley; Attainment Plan for 1997 8-Hour Ozone Standard, 76 Fed. Reg. 57,846, 57,864 (proposed Sept. 16, 2011) (codified at 40 C.F.R. Part 52) (emphasis added). As Defendants note. footnote 36 is ambiguous because it could apply to only the new technology measures under section 182(e)(5), or it could also apply to the attainment contingency measures under section 172(c)(9); "but this possibility does not constitute clear error." (Opp'n 9.) Plaintiffs argue that footnote 36 contains no "express" administrative intent "for this Court to hold that the 3 percent standard does not apply to attainment contingency measures." (Reply 4 (citations omitted).) Plaintiffs misconstrue the question for this Court, however, as the issue is whether there is language from which "this Court [must] hold that the 3 percent standard *does* [ ] apply to attainment contingency measures." (*Id.* (alterations and emphasis added).) The Court continues to conclude there is no such language in the SIP, which does not

contain a commitment to adopt contingency measures to achieve a three percent reduction.

### CONCLUSION

For the reasons stated above, the Court DENIES Plaintiffs' Motion for Reconsideration (ECF No. 42).

IT IS SO ORDERED.

Dated: __September 25, 2023__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

4

DJC3 – ccejn22cv1714.MFR